LMB, LTD., Petitioner,

v.

Rosa Maria MORENO, Jose M. Moreno, Maria J. Vela, Jorge Luis Moreno, Mary A. Garcia, Ernestina Moreno, and Elisa Figueroa, Individually, As the Surviving Children of Ernestina Moreno, Deceased, Entitled to Recover Under the Wrongful Death Statute and as Representative of the Estate of Ernestina Moreno, Deceased, Respondents.

No. 05–0764.

Supreme Court of Texas.

Aug. 31, 2006.

David P. Grabowski, Grabowski & Thompson, Houston, Clay E. Coalson, Donnell, Abernethy & Kieschnick, Corpus Christi, for Petitioner.

Jose E. Garcia, Chad Wesley Tolar, Garcia & Villarreal, LLP, McAllen, for Respondents.

PER CURIAM.

The issue in this premises liability case is whether the plaintiffs presented any evidence of proximate cause in response to the defendant's summary judgment motion under Texas Rule of Civil Procedure 166a(i). The trial court concluded they did not and granted summary judgment. The court of appeals reversed. We hold that the trial court properly granted summary judgment. Accordingly, we reverse the court of appeals' judgment and render judgment that the respondents take nothing.

Ernestina Moreno was struck by a car when she walked out from between two vehicles in a parking lot owned by LMB, Ltd. Ernestina, who was suffering from cancer at the time, sustained a number of injuries in the accident. When she died approximately one year later, her spouse, children, and the representative of her estate ("the Morenos") brought suit against LMB and others. The Morenos alleged LMB was negligent in failing to inspect for and correct premises defects which caused the accident and Ernestina Moreno's death.

LMB moved for summary judgment on the ground that there was no evidence it proximately caused Ernestina Moreno's injuries or her death. *See* TEX.R. CIV. P. 166a(i). The Morenos' response to the motion asserted that there were three issues of material fact: (1) whether the premises were kept in reasonably safe condition; (2) whether LMB adequately and reasonably inspected the premises to discover latent defects; and (3) whether, upon discovering defects in the premises, LMB made the premises safe or gave adequate warning of the defects. In support of their response to the summary judgment motion, the Morenos attached an affidavit from Dr. Gumaro Garza, Ernestina Moreno's treating physician, medical records, and a police accident report. In his affidavit, Dr. Garza stated that "[i]n reasonable medical probability, the death of Ernestina Moreno resulted from her weakened condition caused by the accident in question. Therefore, in my opinion, the conduct of [LMB] substantially caused Ernestina Moreno's injuries and death." The medical records detailed her treatments for both injuries from the accident and cancer. The investigator's narrative section of the accident report noted that Ernestina Moreno walked from between two parked cars and was struck by a driver who was blinded by the sun and who was cleaning his windshield with the wipers when he hit her. The factors and conditions noted as contributing to the accident were (1) the driver who struck Ernestina Moreno had impaired visibility, and (2) Ernestina Moreno "failed to yield [right of way] to vehicle."

The trial court granted LMB's motion for summary judgment. By a divided opinion, the Thirteenth Court of Appeals reversed. The court of appeals concluded that Dr. Garza's affidavit was sufficient to raise a question of fact as to causation. 2005 WL 1405817 (Tex.App.—Corpus Christi-Edinburg 2005). The court of appeals held that Dr. Garza's affidavit "explained that the injuries sustained as a result of· the accident led to Moreno's death," and concluded that his affidavit was not conclusory. *Id.* LMB maintains that the court of appeals erred because regardless of Dr. Garza's opinion that injuries from the accident were causally related to Ernestina Moreno's death, the Morenos presented no evidence that an act or omission of LMB was a proximate cause of the accident itself. We agree.

■ The elements of the Morenos' premises liability claim against LMB are that (1) LMB had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) LMB did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm, and (4) LMB's failure to use reasonable care to reduce or eliminate the unreasonable risk of harm proximately caused Ernestina Moreno's injuries. *See CMH Homes, Inc. v. Daenen,* 15 S.W.3d 97, 99 (Tex.2000). The proximate cause element has two components: cause-in-fact and foreseeability. *See Marathon Corp. v. Pitzner,* 106 S.W.3d 724, 727 (Tex.2003). The test for cause-in-fact, or "but-for" causation, is whether (1) the act or omission was a substantial factor in causing the injury and (2) without the act or omission the harm would not have occurred. *Id.*

■ A motion for summary judgment must be granted if, after adequate time for discovery, the moving party asserts that there is no evidence of one or more speci-

fied elements of a claim or defense on which the adverse party would have the burden of proof at trial and the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. *Sudan v. Sudan,* 199 S.W.3d 291 (Tex.2006); *see* Tex.R. Civ. P. 166a(i). LMB challenged the existence of evidence that it proximately caused Ernestina Moreno's injuries and death. Thus, the Morenos had the burden to produce summary judgment evidence that an accident such as that involving Ernestina Moreno, or some .similar occurrence, was a foreseeable result of a failure by LMB to use reasonable care to reduce or eliminate an unreasonably dangerous premises condition, and that LMB's failure was a substantial factor in causing Ernestina Moreno's injuries and death. Mere proof that Ernestina Moreno was injured in LMB's parking lot is not proof of such proximate cause. *See Western Invs., Inc. v. Urena,* 162 S.W.3d 547, 551–52 (Tex.2005) (holding that summary judgment was proper when there was no evidence that any of the premises owner's "acts or omissions were a substantial factor in causing" the plaintiff's injuries); *Southwest Key Program, Inc. v. Gil–Perez,* 81 S.W.3d 269, 274 (Tex. 2002).

■ Dr. Garza's assertion in his affidavit that "in my opinion, the conduct of [LMB] substantially caused Ernestina Moreno's injuries and death" does not comprise evidence that some premises condition or an act or omission of LMB was causally related to the accident and Ernestina Moreno's resulting injuries. His statement fails to address any particular condition of the premises, conduct of LMB, or underlying facts on which his conclusion is based. His affidavit does not set out specific facts from which a jury could reasonably infer that LMB knew or should have known of some unreasonably danger-

ous condition of the premises which was involved in the accident. Nor does his affidavit amount to more than a bare conclusion that some unknown conduct of LMB was a substantial cause of the occurrence, or that absent the conduct, the incident would not have occurred. In sum, the affidavit does not contain competent summary judgment evidence of either cause-in-fact or foreseeability. *See Burrow v. Arce,* 997 S.W.2d 229, 235 (Tex. 1999); *Skillern & Sons, Inc. v. Rosen,* 359 S.W.2d 298, 305 (Tex.1962); *see also McIntyre v. Ramirez,* 109 S.W.3d 741, 750 (Tex.2003).[1]

Because there was no summary judgment evidence that LMB proximately caused the incident in which Ernestina Moreno was injured, we conclude that the court of appeals erred in reversing the trial court's grant of summary judgment. *See* Tex.R. Civ. P. 166a(i). Accordingly, we grant LMB's petition for review, and without hearing oral argument, we reverse the court of appeals' judgment and render judgment that the Morenos take nothing. Tex.R.App. P. 59.1.

---

1. The Morenos do not seek to sustain the court of appeals' judgment on the basis that the medical records or accident report submitted in response to LMB's motion for summary judgment contain evidence of proximate cause.