Teddy James **SMITH** and Sandra Smith, Appellants

v.

**MOHAWK MILLS, INC.,** Appellee.

No. 05–07–00989–CV.

Court of Appeals of Texas, Dallas.

July 29, 2008.

William T. Wilson, Attorney and Counselor at Law, LTD., Temple, for Appellant.

Clayton E. Devin, Noreen A. Grant, Bryan Rutherford, MacDonald Devin, PC, Dallas, for Appellee.

Before Justices MOSELEY, FRANCIS, and LANG.

## OPINION

Opinion by Justice FRANCIS.

Teddy James Smith and Sandra Smith appeal the trial court's "no evidence" summary judgment in favor of Mohawk Mills, Inc. In their sole issue, appellants contend they produced sufficient summary judgment evidence to create a material issue of fact that appellee created an unreasonably dangerous condition on its property proximately causing their injuries. We affirm.

Appellant Teddy James Smith ("Smith") was seriously injured when he fell through an open loading dock door at appellee's warehouse facility. No one witnessed the accident. One worker heard Smith talking on the telephone close to the door, heard the sound of something falling, and saw the safety chain in front of the door snap. Because he suffered a brain injury that damaged his memory, Smith cannot remember what happened.

Appellants sued appellee for premises liability and negligent activity. Appellants alleged that a forklift operator struck Smith from behind and knocked him out the door. Appellants further alleged that a chain stretched across the door opening was an unreasonably dangerous condition because it was not strong enough to restrain someone from falling through the open dock door.

After discovery, appellee moved for summary judgment on the ground there

was "no evidence" to support appellants' claim of premises liability. Appellee's motion did not mention appellants' negligent activity claim directly, but it asserted the law limited appellants to their premises liability claim. Although appellants defended their negligent activity claim in the trial court, they do not raise a complaint on appeal about the trial court's award of summary judgment on it, and thus any potential error is waived. *See* Tex.R.App. P. 38.1(e); *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 209–10 (Tex.1990) (per curiam). Regarding the premises liability claim, appellee challenged the evidentiary support for three elements of appellants' claim. The trial court granted summary judgment without specifying which elements lacked evidentiary support.

■■■ When a defendant files a motion for summary judgment asserting there is no evidence of one or more essential elements of the plaintiff's claims, the plaintiff must present enough evidence to raise a genuine issue of material fact on the challenged element. Tex.R. Civ. P. 166a(i); *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex.2006) (per curiam). Appellee owed appellant, an invitee on the premises, a duty to exercise reasonable care to protect him from dangerous conditions of which it had actual or constructive knowledge. *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 407 (Tex.2006). To prove a claim of premises liability, appellants must show (1) that appellee had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) appellee did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm, and (4) appellee's failure to use reasonable care to reduce or eliminate the unreasonable risk of harm proximately caused appellants' injuries. *See LMB*, 201 S.W.3d at 688.

Appellee's motion for summary judgment asserted no evidence was presented to prove: (1) the chain stretched across the dock opening posed an unreasonable risk of harm, (2) appellee had actual or constructive notice of a dangerous condition, and (3) appellee proximately caused appellants' injuries. Appellants' response included affidavits and deposition excerpts from warehouse employees and visitors. Appellants' evidence was Smith worked for a trucking company and made deliveries to appellee's warehouse. The warehouse has dock doors about four feet off the ground. When a particular dock is unoccupied, appellee would block off the entry with safety cones, but leave the door up to provide ventilation. Shortly before the accident, Donny Spears, the warehouse safety specialist, decided to replace the safety cones with chains. He instructed Roman Gonzalez, the maintenance supervisor, to purchase chains, but he offered no detailed specifications for the chains other than that they be painted yellow and be "thick enough where it won't bust." Gonzalez purchased and installed chains and clasps, but he was unaware of the size, strength, or brand of the chains he bought.

The witnesses generally agreed that the chains were lightweight and unable to support a person's weight or prevent a fall from the dock. Spears and two of appellee's forklift drivers testified the chains were intended to warn people about the open dock. Johnny George, a truck driver for Smith's company, averred the chains created an unreasonably dangerous condition because they appeared to be a safety device but were too lightweight to prevent a person from falling through the dock door.

Drivers who delivered merchandise to the warehouse were supposed to stand in an area behind a yellow line while they waited for their trucks to be unloaded.

The purpose of the yellow line was to separate the drivers from the forklifts driving back and forth unloading the trucks. The line was about eight feet from the edge of the dock bays. No one told Smith or George the purpose of the yellow line, and the line requirement was not enforced.

Assuming, without deciding, that appellants provided sufficient evidence to show, for summary judgment purposes, that the chains constituted an unreasonable risk of harm, we cannot conclude appellants met their burden of proof to show the other two challenged elements: appellee's actual or constructive knowledge of the unreasonable risk of harm or proximate causation of appellants' injuries.

■ In the trial court, appellee argued no evidence indicated anyone else had ever fallen through the chain, and, therefore, it had no actual or constructive knowledge of the alleged unreasonably dangerous condition. "Although there is no one test for determining actual knowledge that a condition presents an unreasonable risk of harm, courts generally consider whether the premises owner has received reports of prior injuries or reports of the potential danger presented by the condition." *Univ. of Tex.-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex.2008) (per curiam).

Appellants contend, first, that the absence of other injury reports, while probative, does not conclusively establish the absence of an unreasonable risk of harm. Appellants cite evidence showing appellee took down the chains after Smith's injury and returned to its prior practice of placing warning cones in front of the open doors, implying that the import of the absence of other accidents is weakened by the shortness of the period the chains were used. The difficulty with appellants' argument is that, even if correct, it does not address their burden to produce evidence

showing appellee knew of the alleged risk. No evidence in the record indicates appellee knew the chain posed an unreasonable risk of harm. *See id.* at 514 (in light of testimony that no one had tripped on hose in preceding five years, no evidence established defendant had actual knowledge that hoses placed across sidewalk created unreasonable risk of harm); *see also Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 163 (Tex.2007) (per curiam) (concluding ramp at car dealership was not unreasonably dangerous condition where it met applicable safety standards, was outlined in yellow striping, and no one other than plaintiff was injured falling off the ramp or had complained about its safety).

■ Second, appellants contend that knowledge may be inferred when a premises owner creates a condition that poses an unreasonable risk of harm. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992). The inference, however, does not arise as a matter of law unless knowledge is uncontroverted. *Id.* While proof the premises owner created the condition may constitute circumstantial evidence of knowledge, evidence of the owner's knowledge or appreciation of the dangerous condition must be established. *See id.* at 265–66. Appellants present no evidence of appellee's knowledge of the dangerous condition of the chain. We conclude appellants failed to meet their burden of proof on the necessary element of appellee's actual or constructive knowledge. *See Aguilar*, 251 S.W.3d at 513–14; *LMB*, 201 S.W.3d at 688.

■ To meet their burden on the element of proximate causation, appellants must provide evidence of two components: cause-in-fact and foreseeability. *See LMB*, 201 S.W.3d at 688. An act or omission is a cause-in-fact of an injury if it was a substantial factor in causing the injury

and without the act or omission, the harm would not have occurred. *Id.*

Appellants contend they met their burden because their evidence reveals dangerous conditions in and around the loading dock and evidence the safety chains were inadequate. No evidence in the record, however, demonstrates that the conditions they allege caused or contributed to Smith's accident. No one saw the accident, and Smith could not remember what happened. One employee heard Smith fall but did not see it. Spears testified he had heard from others Smith might have been sitting on the chain before the accident. Appellants speculate that Smith was struck by a forklift and fell through the safety chain, but the record contains no proof for their theory. Proximate causation cannot be shown through conjecture, guess, or speculation. *Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex.2005). We conclude the record does not provide the necessary evidence of causation-in-fact. *See LMB*, 201 S.W.3d at 688; *Urena*, 162 S.W.3d at 551. Likewise, no evidence confirms the accident, however caused, was foreseeable.

Because the record reflects appellants did not produce evidence to meet their burden to support the elements of appellee's knowledge of the unreasonably dangerous condition and proximate causation, we conclude the trial court did not err in granting summary judgment for appellee. *See LMB*, 201 S.W.3d at 688. We overrule appellants' sole issue on appeal.

We affirm the trial court's judgment.