# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-05-00500-CV
---

**Marcos Leal and Laura Leal, Appellants**

**v.**

**McDonald's Corporation and McDonald's Restaurants of Texas, Inc.,
both d/b/a McDonald's, Appellees**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. GN203231, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING
---

### M E M O R A N D U M   O P I N I O N

Appellants Marcos Leal and Laura Leal, husband and wife, sued McDonald's Corporation and McDonald's Restaurants of Texas, Inc. (collectively "McDonald's") for injuries Laura received when she slipped on a wet floor at the McDonald's restaurant where she was employed.[1] The district court granted McDonald's no-evidence motion for summary judgment. On appeal, the Leals argue that they produced enough evidence in support of their premises liability claim to raise a genuine issue of material fact. We affirm the district court's judgment.

### *Factual and Procedural Background*

According to the summary judgment evidence, Laura worked as a trainer at a McDonald's restaurant. On September 15, 2000, she reported to work at 5 a.m. to help prepare

---

[1] Marcos Leal alleges derivative claims as Laura Leal's spouse.

the restaurant for its 6 a.m. opening. Four other employees reported to work with her, including Xochitl Groves, the floor supervisor, and Jose Perez, the maintenance person. At 5:45 a.m., as Laura was walking from the kitchen area of the restaurant to the front counter area carrying an empty coffee pot, she slipped and fell. While getting up, she noticed that the floor where she had slipped was wet. She had not previously noticed that the floor was wet, and nothing in the area warned or indicated that the floor might be wet. Laura sustained wrist injuries from her fall that necessitated surgery.

On September 6, 2002, the Leals filed suit claiming that the wet floor Laura slipped on was a premises defect for which McDonald's is liable.[2] McDonald's filed a no-evidence motion for summary judgment arguing that the Leals had not and could not produce evidence (1) that McDonald's breached any duty to Laura, or (2) that McDonald's actions proximately caused Laura's injuries. On June 29, 2005, the district court granted McDonald's motion for summary judgment and entered a take nothing judgment in favor of McDonald's. The Leals appeal.

*Analysis*

We review the summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). Under the Rule 166a(i)—or no-evidence—standard, after adequate time for discovery a defendant may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim on which the plaintiff would have the

---

[2] McDonald's did not carry worker's compensation insurance at the time Laura fell. Consequently, McDonald's employees could sue McDonald's for job-related injuries. *See* Tex. Lab. Code Ann. § 406.033 (West 2006).

burden of proof at trial. *See* Tex. R. Civ. P. 166a(i). A no-evidence summary judgment is essentially a pre-trial directed verdict, and we apply the same legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). We review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Id.* at 751. The granting of a no-evidence motion will be sustained when the evidence offered by the non-movant to prove a vital fact is no more than a mere scintilla. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). More than a scintilla of evidence exists when the evidence as a whole rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion. *Chapman*, 118 S.W.3d at 751.

An owner or occupier of land has a duty to use reasonable care to keep the premises under his control in a safe condition. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 417 (Tex. 1985). Employers owe their employees the same duty of care that premises owners owe invitees. *See Allen v. Connolly*, 158 S.W.3d 61, 65 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Thus, to prevail on their premises liability claim, the Leals have the burden of proving the following elements: (1) McDonald's had actual or constructive knowledge of the wet floor on which she allegedly slipped; (2) the wet floor posed an unreasonable risk of harm; (3) McDonald's failed to exercise reasonable care to reduce or eliminate that risk; and (4) McDonald's failure to exercise reasonable care proximately caused Laura's injuries. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)). Before McDonald's can be held to have breached its duty to maintain a safe workplace, then, there must

3

be evidence that McDonald's had actual or constructive knowledge of the allegedly dangerous condition. *See Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.).

In its motion for summary judgment, McDonald's asserts that there is no evidence that it had actual or constructive knowledge of the wet floor alleged by the Leals to have caused the slip and fall. As to that issue, the Leals were required to produce more than a scintilla of evidence[3] that a McDonald's employee knew about, or had a reasonable opportunity to discover, the wet floor. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814-16 (Tex. 2002) ("reasonable opportunity" involves some length of time); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102-03 (Tex. 2000) (constructive knowledge in slip and fall case exists when dangerous condition would have been discovered by reasonable inspection). The Leals produced deposition testimony by Laura and her co-worker Xochitl Groves, to the effect that they believed the wet floor existed due to the mopping activities of the maintenance person Jose Perez. Groves based her belief that Perez was responsible on the fact that the daily maintenance guide in McDonald's "31-day book" listed mopping the front counter area as the maintenance person's responsibility to be completed between 5:30 a.m. and 6:00 a.m., that Perez's morning mopping was normally in the order of the grill area, the front area, and then the lobby area, and that Groves would typically sign off on Perez's mopping responsibilities at 6:00 a.m. Laura based her belief that Perez was responsible on the fact that he "always cleans"

---

[3] Following the Leals' filing of a response to McDonald's motion for summary judgment, McDonald's filed a reply with excerpts from depositions attached in support of its motion for summary judgment. In our review, we do not consider the evidence attached to McDonald's reply. *See* Tex. R. Civ. P. 166a(i); *Hight v. Dublin Veterinary Clinic*, 22 S.W.3d 614, 619 (Tex. App.—Eastland 2000, pet. denied) ("[I]n reviewing a no-evidence summary judgment, we will not consider summary judgment evidence propounded by the movant . . . .").

the area where she fell, and also that mopping in that area was required by the daily maintenance guide.

Laura's only basis for her conclusion that Perez would have mopped the area by 5:45 a.m. was the time frame set out in the daily maintenance guide: "Before opening he has to do his job." However, the daily maintenance guide's stating that the "suggested time line" for mopping the lobby, counter, grill, and drive-thru areas is 5:30 a.m. to 6:00 a.m. is, by itself, no evidence that Perez in fact had mopped the area in which Laura slipped and fell on September 15, 2000. To raise a genuine issue of material fact, the Leals must produce some evidence that the directive in the daily maintenance guide was actually followed—either as a routine or on that particular day. The Leals produce no evidence regarding the time by which Perez normally mopped the area in question. Laura admitted that she would prepare the coffee in the morning once or twice a week during the two years she worked at the store, but could not remember if that area was ever wet. She also admitted to not knowing when Perez typically mopped the front area. Groves did testify that Perez would typically announce the completion of his mopping responsibilities to her at 6:00 a.m. However, she professed no knowledge regarding exactly when he typically completed any specific area of the store. Moreover, neither Laura nor Groves testified to seeing Perez mopping the area on the day of the accident, talking to Perez about whether he had mopped the area, or otherwise having actual knowledge of Perez's mopping activities on that day. Groves was in an office in the back of the restaurant at the time that Laura fell and did not come to the counter area until several minutes later.

5

Laura's deposition testimony that she discovered the floor was wet after she fell raises a genuine issue of material fact as to whether the floor was wet. However, there is no evidence that McDonald's had actual or constructive knowledge that the floor was wet. The Leals failed to produce a scintilla of evidence that Perez had mopped the area in question prior to Laura's slip and fall, or regarding a "documented daily routine" that would create a reasonable inference that such was the case. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (circumstantial evidence must transcend mere suspicion to raise genuine issue of material fact). It is well established that while the trier of fact may draw inferences from circumstantial evidence, it may draw only reasonable and logical inferences. *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 392 (Tex. 1997). A fact-finder may not infer an ultimate fact from meager circumstantial evidence that could give rise to any number of inferences, none more probable than another. *Id.* Here, it would be mere speculation that simply because McDonald's employees were present in the restaurant, they caused *and* were aware of the wet floor. As the Texas Supreme Court stated in *Lozano v. Lozano*, "in cases with only slight circumstantial evidence, something else must be found in the record to corroborate the probability of the fact's existence or non-existence." 52 S.W.3d 141, 148 (Tex. 2001). "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983). Such is the case here.

There is simply no evidence in this record regarding how the floor got wet, who or what made the floor wet, or that McDonald's was aware or should have been aware the floor was

wet prior to Laura's fall.[4] *See Keetch*, 845 S.W.2d at 265-66 (even if established that defendant created condition, plaintiff must still establish that defendant had knowledge of condition); *Smith v. Mohawk Mills, Inc.*, 260 S.W.3d 672, 675 (Tex. App.—Dallas 2008, no pet.) (grant of no-evidence motion for summary judgment proper where plaintiff presents no evidence of defendant's knowledge of dangerous condition, even though defendant had created condition).

***Conclusion***

We affirm the district court's summary judgment.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop;
    Dissenting Opinion by Chief Justice Jones

Affirmed

Filed:   August 5, 2009

_____

[4] The fact that only McDonald's employees were in the restaurant at the time or were the only people in a position to have mopped the floor is not evidence, by itself, for a fact-finder to infer that a McDonald's employee caused the floor to be wet. Without more, the mere presence of McDonald's employees in the store says nothing about how the floor got wet—i.e. their mere presence is no more evidence that they caused the floor to be wet (e.g. by mopping) than it is evidence that the floor was wet due to a plumbing leak or leaking machine. There must be some evidence tending to show that a McDonald's employee either caused the problem or was aware of it. The mere fact that only McDonald's employees were in the restaurant at a time when the floor was wet does not raise a fact issue on McDonald's actual or constructive knowledge in connection with a premises liability cause of action.

7