TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00500-CV






Marcos Leal and Laura Leal, Appellants


v.


McDonald's Corporation and McDonald's Restaurants of Texas, Inc.,

both d/b/a McDonald's, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. GN203231, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellants Marcos Leal and Laura Leal, husband and wife, sued McDonald's
Corporation and McDonald's Restaurants of Texas, Inc. (collectively "McDonald's") for injuries
Laura received when she slipped on a wet floor at the McDonald's restaurant where she was
employed. (1) The district court granted McDonald's no-evidence motion for summary judgment. On
appeal, the Leals argue that they produced enough evidence in support of their premises liability
claim to raise a genuine issue of material fact. We affirm the district court's judgment.


Factual and Procedural Background

 According to the summary judgment evidence, Laura worked as a trainer at a
McDonald's restaurant. On September 15, 2000, she reported to work at 5 a.m. to help prepare
the restaurant for its 6 a.m. opening. Four other employees reported to work with her, including
Xochitl Groves, the floor supervisor, and Jose Perez, the maintenance person. At 5:45 a.m., as
Laura was walking from the kitchen area of the restaurant to the front counter area carrying an
empty coffee pot, she slipped and fell. While getting up, she noticed that the floor where she had
slipped was wet. She had not previously noticed that the floor was wet, and nothing in the area
warned or indicated that the floor might be wet. Laura sustained wrist injuries from her fall that
necessitated surgery.

 On September 6, 2002, the Leals filed suit claiming that the wet floor Laura slipped
on was a premises defect for which McDonald's is liable. (2) McDonald's filed a no-evidence motion
for summary judgment arguing that the Leals had not and could not produce evidence (1) that
McDonald's breached any duty to Laura, or (2) that McDonald's actions proximately caused Laura's
injuries. On June 29, 2005, the district court granted McDonald's motion for summary judgment
and entered a take nothing judgment in favor of McDonald's. The Leals appeal.


Analysis

 We review the summary judgment de novo. Joe v. Two Thirty Nine Joint Venture,
145 S.W.3d 150, 156 (Tex. 2004). Under the Rule 166a(i)--or no-evidence--standard, after
adequate time for discovery a defendant may move for summary judgment on the ground that there
is no evidence of one or more essential elements of a claim on which the plaintiff would have the
burden of proof at trial. See Tex. R. Civ. P. 166a(i). A no-evidence summary judgment is essentially
a pre-trial directed verdict, and we apply the same legal sufficiency standard. King Ranch, Inc.
v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003). We review the evidence in the light most
favorable to the non-movant, disregarding all contrary evidence and inferences. Id. at 751. The
granting of a no-evidence motion will be sustained when the evidence offered by the non-movant
to prove a vital fact is no more than a mere scintilla. Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997). More than a scintilla of evidence exists when the evidence as a
whole rises to a level that would enable reasonable and fair-minded people to differ in their
conclusions. Id. Less than a scintilla of evidence exists when the evidence is so weak as to do no
more than create a mere surmise or suspicion. Chapman, 118 S.W.3d at 751.

 An owner or occupier of land has a duty to use reasonable care to keep the premises
under his control in a safe condition. Redinger v. Living, Inc., 689 S.W.2d 415, 417 (Tex. 1985). 
Employers owe their employees the same duty of care that premises owners owe invitees. See
Allen v. Connolly, 158 S.W.3d 61, 65 (Tex. App.--Houston [14th Dist.] 2005, no pet.). Thus, to
prevail on their premises liability claim, the Leals have the burden of proving the following
elements: (1) McDonald's had actual or constructive knowledge of the wet floor on which she
allegedly slipped; (2) the wet floor posed an unreasonable risk of harm; (3) McDonald's failed to
exercise reasonable care to reduce or eliminate that risk; and (4) McDonald's failure to exercise
reasonable care proximately caused Laura's injuries. See Keetch v. Kroger Co., 845 S.W.2d 262,
264 (Tex. 1992) (citing Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983)). Before
McDonald's can be held to have breached its duty to maintain a safe workplace, then, there must
be evidence that McDonald's had actual or constructive knowledge of the allegedly dangerous
condition. See Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 71 (Tex. App.--Austin 1998, no pet.).

 In its motion for summary judgment, McDonald's asserts that there is no evidence
that it had actual or constructive knowledge of the wet floor alleged by the Leals to have caused the
slip and fall. As to that issue, the Leals were required to produce more than a scintilla of evidence (3)
that a McDonald's employee knew about, or had a reasonable opportunity to discover, the wet floor. 
See Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814-16 (Tex. 2002) ("reasonable opportunity"
involves some length of time); CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 102-03 (Tex. 2000)
(constructive knowledge in slip and fall case exists when dangerous condition would have been
discovered by reasonable inspection). The Leals produced deposition testimony by Laura and her
co-worker Xochitl Groves, to the effect that they believed the wet floor existed due to the mopping
activities of the maintenance person Jose Perez. Groves based her belief that Perez was responsible
on the fact that the daily maintenance guide in McDonald's "31-day book" listed mopping the
front counter area as the maintenance person's responsibility to be completed between 5:30 a.m. and
6:00 a.m., that Perez's morning mopping was normally in the order of the grill area, the front area,
and then the lobby area, and that Groves would typically sign off on Perez's mopping responsibilities
at 6:00 a.m. Laura based her belief that Perez was responsible on the fact that he "always cleans"
the area where she fell, and also that mopping in that area was required by the daily maintenance
guide.

 Laura's only basis for her conclusion that Perez would have mopped the area by
5:45 a.m. was the time frame set out in the daily maintenance guide: "Before opening he has to do
his job." However, the daily maintenance guide's stating that the "suggested time line" for mopping
the lobby, counter, grill, and drive-thru areas is 5:30 a.m. to 6:00 a.m. is, by itself, no evidence that
Perez in fact had mopped the area in which Laura slipped and fell on September 15, 2000. To raise
a genuine issue of material fact, the Leals must produce some evidence that the directive in the daily
maintenance guide was actually followed--either as a routine or on that particular day. The Leals
produce no evidence regarding the time by which Perez normally mopped the area in question. 
Laura admitted that she would prepare the coffee in the morning once or twice a week during
the two years she worked at the store, but could not remember if that area was ever wet. She also
admitted to not knowing when Perez typically mopped the front area. Groves did testify that Perez
would typically announce the completion of his mopping responsibilities to her at 6:00 a.m. 
However, she professed no knowledge regarding exactly when he typically completed any specific
area of the store. Moreover, neither Laura nor Groves testified to seeing Perez mopping the area
on the day of the accident, talking to Perez about whether he had mopped the area, or otherwise
having actual knowledge of Perez's mopping activities on that day. Groves was in an office in the
back of the restaurant at the time that Laura fell and did not come to the counter area until several
minutes later.

 Laura's deposition testimony that she discovered the floor was wet after she fell
raises a genuine issue of material fact as to whether the floor was wet. However, there is no evidence
that McDonald's had actual or constructive knowledge that the floor was wet. The Leals failed to
produce a scintilla of evidence that Perez had mopped the area in question prior to Laura's slip
and fall, or regarding a "documented daily routine" that would create a reasonable inference that such
was the case. See Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004) (circumstantial
evidence must transcend mere suspicion to raise genuine issue of material fact). It is well established
that while the trier of fact may draw inferences from circumstantial evidence, it may draw
only reasonable and logical inferences. Hammerly Oaks, Inc. v. Edwards, 958 S.W.2d 387, 392
(Tex. 1997). A fact-finder may not infer an ultimate fact from meager circumstantial evidence that
could give rise to any number of inferences, none more probable than another. Id. Here, it would
be mere speculation that simply because McDonald's employees were present in the restaurant, they
caused and were aware of the wet floor. As the Texas Supreme Court stated in Lozano v. Lozano,
"in cases with only slight circumstantial evidence, something else must be found in the record
to corroborate the probability of the fact's existence or non-existence." 52 S.W.3d 141, 148
(Tex. 2001). "When the evidence offered to prove a vital fact is so weak as to do no more than
create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in
legal effect, is no evidence." Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). Such is
the case here.

 There is simply no evidence in this record regarding how the floor got wet, who or
what made the floor wet, or that McDonald's was aware or should have been aware the floor was
wet prior to Laura's fall. (4) See Keetch, 845 S.W.2d at 265-66 (even if established that defendant
created condition, plaintiff must still establish that defendant had knowledge of condition); Smith
v. Mohawk Mills, Inc., 260 S.W.3d 672, 675 (Tex. App.--Dallas 2008, no pet.) (grant of no-evidence
motion for summary judgment proper where plaintiff presents no evidence of defendant's knowledge
of dangerous condition, even though defendant had created condition).


Conclusion

 We affirm the district court's summary judgment.



 __________________________________________

 G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop;

 Dissenting Opinion by Chief Justice Jones

Affirmed

Filed: August 5, 2009
1. Marcos Leal alleges derivative claims as Laura Leal's spouse.
2. McDonald's did not carry worker's compensation insurance at the time Laura fell. 
Consequently, McDonald's employees could sue McDonald's for job-related injuries. See Tex. Lab.
Code Ann. § 406.033 (West 2006).
3. Following the Leals' filing of a response to McDonald's motion for summary judgment,
McDonald's filed a reply with excerpts from depositions attached in support of its motion
for summary judgment. In our review, we do not consider the evidence attached to McDonald's
reply. See Tex. R. Civ. P. 166a(i); Hight v. Dublin Veterinary Clinic, 22 S.W.3d 614, 619
(Tex. App.--Eastland 2000, pet. denied) ("[I]n reviewing a no-evidence summary judgment, we will
not consider summary judgment evidence propounded by the movant . . . .").
4. The fact that only McDonald's employees were in the restaurant at the time or were
the only people in a position to have mopped the floor is not evidence, by itself, for a fact-finder to
infer that a McDonald's employee caused the floor to be wet. Without more, the mere presence of
McDonald's employees in the store says nothing about how the floor got wet--i.e. their mere
presence is no more evidence that they caused the floor to be wet (e.g. by mopping) than it is
evidence that the floor was wet due to a plumbing leak or leaking machine. There must be some
evidence tending to show that a McDonald's employee either caused the problem or was aware of
it. The mere fact that only McDonald's employees were in the restaurant at a time when the floor
was wet does not raise a fact issue on McDonald's actual or constructive knowledge in connection
with a premises liability cause of action.