Shannon ZOOK, Appellant

v.

BROOKSHIRE GROCERY COMPANY, Appellee.

No. 05–08–01105–CV.

Court of Appeals of Texas, Dallas.

Nov. 18, 2009.

Michael Babb, Jenkins & Babb, LLP, Dallas, TX, David C. Hesser, Alexandria, LA, for Appellant.

Barton Lance Ridley, Dawn Christine Woelfel Hansen, Touchstone, Bernays, Johnston, Beall, & Smith, Dallas, TX, for Appellee.

Before Chief Justice WRIGHT, and Justices RICHTER and FILLMORE.

## OPINION

Opinion By Justice RICHTER.

In this premises liability case, appellant, Shannon Zook, appeals the no-evidence summary judgment granted by the trial court to appellee, Brookshire Grocery Company. In her sole issue, appellant argues the trial court erred by granting appellee's no-evidence summary judgment motion. Appellant contends she produced sufficient summary judgment evidence to create a material issue of fact that appellee had actual or constructive knowledge of the dangerous condition on its property that proximately caused appellant's injuries. We affirm.

### BACKGROUND

Appellant Shannon Zook (Zook) was injured while standing in the checkout lane at a grocery store owned by appellee, Brookshire Grocery Company (Brookshire). Zook leaned against the hand railing that separated her checkout lane from the adjacent checkout lane, the railing gave way and Zook fell backwards, injuring her head and hand. There were no witnesses to the actual fall. However, several witnesses saw Zook on the floor and offered assistance. Immediately after the incident, the assistant store manager attached signs to all of the hand railings in the store, warning against sitting or leaning on the railings. The store manager also examined the broken railing, testifying in her deposition that it appeared that a connecting bolt inside the railing had broken causing the railing to give way. No further investigation of the railing was conducted.

Zook sued Brookshire for negligence, specifically alleging, among other things, that she was injured due to the conduct or omissions of Brookshire in creating a defective railing that was not properly constructed or secured, failing to warn or take precautions to protect others from the defective condition and failing to inspect the premises to discover the defective condition.

After discovery, Brookshire moved for summary judgment on the ground that there was no evidence that established or

created a genuine issue of material fact as to every essential element of Zook's negligence cause of action against Brookshire. Brookshire's motion characterized Zook's negligence claim as a premises liability claim and challenged Zook's evidentiary support on every element of her claim. Zook's response to Brookshire's motion acknowledged the requisite elements of a premises liability claim and argued that the evidence raised genuine issues of material fact with respect to Brookshire's notice or constructive notice of the defective nature of its hand railing. Zook's response did not provide argument or evidence with respect to the elements of unreasonably dangerous risk, breach of duty or proximate causation. The trial court granted summary judgment without specifying the grounds relied upon for its ruling. The sole issue raised by Zook on appeal is whether the trial court erred in granting Brookshire's motion for summary judgment despite Zook's alleged evidence that a material issue of fact existed with respect to Brookshire's actual or constructive knowledge of a dangerous condition.

## STANDARD OF REVIEW

■ When a defendant files a motion for summary judgment on the ground that there is no evidence of one or more essential elements of a claim on which the plaintiff would have the burden of proof at trial, the burden shifts to the plaintiff who must produce more than a scintilla of probative evidence to raise a genuine issue of material fact on each challenged element. TEX.R. CIV. P. 166a(i); *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex.2006) (per curiam). In reviewing Brookshire's no-evidence motion for summary judgment, we examine the record in the light most favorable to Zook, looking to see if she presented more than a scintilla of evidence raising a genuine issue of material fact with respect to the challenged elements. *King Ranch,*

*Inc. v. Chapman,* 118 S.W.3d 742, 750–51 (Tex.2003); *Wal–Mart Stores, Inc. v. Rodriguez,* 92 S.W.3d 502, 506 (Tex.2002). When the trial court's order granting summary judgment does not specify the grounds upon which it was granted, we will affirm the judgment if any of the theories advanced are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989).

## DISCUSSION

■ Zook sued Brookshire for negligence. Although Zook's petition did not expressly label her negligence claim as a premises liability claim, her recitation of facts and allegations tracked the elements of a premises liability claim. In its motion for summary judgment, Brookshire characterized Zook's lawsuit as a premises liability case. Zook did not object to Brookshire's characterization of her claim. Acknowledging the necessary elements of a premises liability claim, Zook argued that Brookshire's motion should be denied because she had presented sufficient evidence to raise a material issue of fact with respect to the element of actual or constructive knowledge of a dangerous condition on the premises. Premises liability is based on the law of negligence. *Price v. Ford,* 104 S.W.3d 331, 333 (Tex.App.-Dallas 2003, pet. denied). An invitee's lawsuit against a store owner is a negligence action. *Ramirez v. H.E. Butt Grocery Co.,* 909 S.W.2d 62, 67 (Tex.App.-Waco 1995, writ denied) (citing *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 295 (Tex. 1983)). In a premises liability suit, the traditional test of the conduct of a reasonably prudent person is simply tailored to a specific category of defendants-owners or occupiers of premises. *Id.*

■ Brookshire owed Zook, an invitee, a duty to exercise reasonable care to protect her from a dangerous condition of

which Brookshire had actual or constructive notice. *Smith v. Mohawk Mills, Inc.,* 260 S.W.3d 672, 674 (Tex.App.-Dallas 2008, no pet.). When the injured party is an invitee, the essential elements of a premises liability claim are: (1) actual or constructive knowledge of some condition on the premises by owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm; and (4) that the owner or occupier's failure to use reasonable care to reduce or eliminate the unreasonable risk of harm proximately caused the plaintiff's injury. *CMH Homes, Inc. v. Daenen,* 15 S.W.3d 97, 99 (Tex.2000) (citing *Corbin,* 648 S.W.2d at 296).

Brookshire's motion for summary judgment asserted no evidence was presented to prove: (1) Brookshire had actual knowledge of the condition on the premises which Zook alleges caused her to fall; (2) Brookshire had constructive knowledge of the condition on the premises which Zook alleges caused her to fall; (3) the alleged dangerous condition existed long enough to give Brookshire a reasonable opportunity to discover it; (4) Brookshire did not exercise reasonable care to reduce or eliminate the alleged condition which posed an unreasonable risk of harm; and (5) Brookshire's alleged failure to use reasonable care proximately caused Zook's alleged injuries. Despite Brookshire's challenge to every element of her cause of action for premises liability, Zook's summary judgment response presented argument and evidence only as to the element of actual and constructive knowledge.

■ On appeal, Zook again limits her argument to Brookshire's actual or constructive knowledge, asserting that Brookshire had actual and constructive knowledge that its hand railings were defective and created a condition which posed an unreasonable risk of harm. In support of her assertion that Brookshire had actual knowledge that its hand railings created a dangerous condition, Zook points out that Brookshire warned its employees not to sit or lean on the railings. Zook's evidence consists of deposition testimony by a Brookshire's cashier who stated that employees were asked not to lean on the railings, "probably to make us look busy like we were working." When asked by Zook's counsel if one reason cashiers were asked not to lean on the railing was because the railing might break, the cashier replied, "I assume, I guess." This testimony reflects that Brookshire did not want its cashiers sitting or leaning on the hand railings but does not establish the hand railings were a dangerous condition.

■ There is no one test for determining actual knowledge that a condition presents an unreasonable risk of harm. *Mohawk Mills,* 260 S.W.3d at 675. However, courts generally consider whether the premises owner has received reports of the danger created by the condition or reports of prior injuries. *Id.* Zook did not produce evidence that hand railings in any other Brookshire store had failed or that Brookshire had received reports of any injuries involving the hand railings in any Brookshire store. Brookshire's assistant store manager, Vanessa Smith, testified that all Brookshire stores have the same hand railings. She stated that she has never heard of a railing failure at any of the five stores where she has worked, or at any Brookshire store. Zook presented no further evidence of Brookshire's actual knowledge of the dangerous condition of the railing.

In support of her assertion that Brookshire had constructive knowledge that its hand railings created a dangerous condition, Zook argues that Brookshire's con-

struction group installed the hand railing in question in such a way that the bolts were concealed, thus creating the condition that posed an unreasonable risk of harm. Zook presented the deposition testimony of the Brookshire's assistant store manager, Vanessa Smith, who stated that all Brookshire stores have the same hand railings which are installed by Brookshire's construction group at the time the stores are built. Zook did not produce any other evidence that Brookshire's construction group constructed or installed the hand railing at the premises.

Zook contends that knowledge that the hand railing was defective may be inferred because the Brookshire construction group installed the railing, thus creating the condition that poses an unreasonable risk of harm. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex.1992) (an inference of knowledge of a dangerous condition on the premises does not arise as a matter of law unless knowledge is uncontroverted); *see also Mohawk Mills*, 260 S.W.3d at 675. While proof that the premises owner created the condition that posed an unreasonable risk of harm may constitute circumstantial evidence of knowledge, evidence of the owner's knowledge or appreciation of the dangerous condition must be established. *Mohawk Mills*, 260 S.W.3d at 675. Zook presents no evidence of Brookshire's knowledge that there was a problem with the railing, that the railing could fail or that the railing was a dangerous condition. Brookshire denied knowledge that its hand railings posed an unreasonable risk of harm. Accordingly, the inference of knowledge cannot be made as a matter of law. *Keetch*, 845 S.W.2d at 265. We conclude that Zook failed to meet her burden of proof on the necessary element of Brookshire's actual or constructive knowledge.

Zook makes an unsupported argument that because Brookshire knew the railings were defective, Brookshire is liable for failing to warn customers of the defect. Zook reasons that since Brookshire admonished its employees not to lean on the hand railings, Brookshire had a duty to warn its customers as well. Zook does not present summary judgment evidence sufficient to support her conclusory argument nor does she present any probative evidence that Brookshire had a duty to warn.

With respect to the challenged elements of unreasonable risk of harm or proximate causation, Zook presents neither argument nor evidence. We conclude that she did not produce evidence to meet her burden to support the elements of unreasonable risk of harm and proximate causation. Zook did not produce more than a scintilla of probative evidence to raise a genuine issue of material fact with respect to each of the elements of her premises liability claim against Brookshire.

We conclude the trial court did not err in granting summary judgment for Brookshire. We overrule Zook's sole issue on appeal and affirm the trial court's judgment.