**AFFIRM; Opinion issued March 5, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01449-CV

**DEAN A. SMITH SALES, INC. D/B/A THE DEAN GROUP, Appellant**

V.

**METAL SYSTEMS, INC., Appellee**

On Appeal from the 401st Judicial District Court
Collin County, Texas
Trial Court Cause No. 401-04695-2010

## OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Francis

Dean A. Smith Sales, Inc. d/b/a The Dean Group appeals the trial court's summary judgment in favor of Metal Systems, Inc. In three issues, Dean contends the trial court erred in granting Metal's traditional and no evidence motions for summary judgment on Dean's claims for breach of written and oral contract. In a crosspoint, Metal claims the trial court erred in denying its motion for summary judgment on Dean's claim in quantum meruit. We affirm the trial court's judgment.

The parties entered into a listing agreement in July 2008. Under the contract, Dean, as broker, was granted the exclusive right to sell Metal's business. The contract lists the sales price as $4,580,000 and notes real estate is included in the sale. The listing was for one year from the

date of the agreement or upon ten days written notice of termination delivered by one party to the other.

On May 27, 2010, Dean sued Metal for breach of written contract and quantum meruit, alleging Dean was entitled to $160,300 in damages. After Metal filed traditional and no evidence motions for summary judgment, Dean filed its third amended petition, adding a claim that Metal breached the parties' oral contract. Metal filed a supplemental motion for traditional summary judgment to include Dean's breach of oral contract claim. The trial court granted Metal's motions for summary judgment on the breach of written and oral contract claims but denied the motions with respect to Dean's quantum meruit claims. Dean filed a notice of nonsuit of "all pending claims," excluding those breach of written or oral contract claims addressed in the trial court's summary judgment order. The trial court dismissed the remaining claims, and this appeal followed.

In three issues, Dean contends the trial court erred by granting Metal's traditional and no evidence motions for summary judgment on Dean's claims for breach of written and oral contract.

Because Metal presented both no evidence and traditional grounds, we first address the challenges to the no evidence summary judgment motion. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A party may move for summary judgment on the ground there is no evidence of one or more essential elements of a claim or defense on which the adverse parties would have the burden of proof at trial. *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006) (per curiam). Unless the respondents produce summary judgment evidence raising a genuine issue of material fact, the court must grant the motion. TEX. R. CIV. P. 166a(i); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002).

To succeed in a traditional motion for summary judgment, the movant must establish there are no genuine issues of material fact and it is entitled to judgment as a matter of law. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). In reviewing a summary judgment, we consider the evidence in the light most favorable to the nonmovants and resolve any doubt in their favor. *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Where, as here, the trial court's order granting summary judgment does not specify the basis for the ruling, we must affirm the trial court's judgment if any of the theories advanced are meritorious. *W. Invs., Inc.*, 162 S.W.3d at 550.

In its no evidence motion for summary judgment, Metal contends Dean's breach of written contract claim fails because, in part, there is no evidence of a valid enforceable contract. Under this ground, Metal specifically claims Dean could not sue to collect any compensation because the listing agreement includes real estate and there is no evidence Dean held the required real estate license when it entered into the listing agreement as required by the Real Estate License Act. *See* TEX. OCC. CODE ANN. §§ 1101.001–.806 (West 2012).

Metal further claims the agreement does not state the name of a licensed broker to whom the commission is payable, also required by RELA.

Section 1101.806(b) of RELA provides a party may not maintain an action to collect compensation for an act as a broker or salesperson that is performed in Texas unless the party alleges and proves it was a license holder at the time the act was commenced. TEX. OCC. CODE ANN. § 1101.806(b). A party acts as a broker or salesperson if it directly or indirectly performs or offers, attempts, or agrees to perform any act listed in section 1101.002(1)(A) including selling, exchanging, purchasing, or leasing real estate or negotiating or listing the sale, exchange, purchase, or lease of real estate. *Id*. §§ 1101.002(1)(A); 1101.004. To bring an action to recover

3

a commission for the sale of real estate, RELA also requires that "the promise or agreement on which the action is based, or a memorandum, is in writing and signed by the party against whom the action is brought or by a person authorized by that party to sign the document." *Id*. § 1101.806(c).

The summary judgment record shows Metal and Dean entered into a Standard Listing Agreement, naming Dean as the broker and Metal as the seller. The Agreement gave Dean the exclusive right to sell and authority to arrange the sale of Metal's business. The Agreement described the business and includes the notation "Real Estate Included in Sale: Yes." The Agreement detailed the commission to be paid Dean as broker:

> For services rendered by Broker under this Agreement, Seller shall pay to Broker in cash Seven Percent (7%), if closing sales price including land, is Four Million ($4,000,000), or above. If closing sales price, including land, is below Four Million ($4,000,000), Seller shall pay to broker a commission in cash of Seven PERCENT (7%) of first 1 million and Four Percent (4%) of remainder if closing sales price is below Four Million and FOUR PERCENT (4%) in cash, on Sale Price of real estate as described in Paragraph 13.

Although Dean filed a response to Metal's no evidence motion for summary judgment, Dean did not address Metal's ground that Dean could not enforce the contract because Dean did not have the required real estate license when it entered into the listing agreement. In response to Metal's no evidence ground, Dean did not allege or prove it was a real estate license holder at the time the Agreement was signed nor did Dean create a fact issue as to whether Dean had a real estate license when it entered into the Agreement. Likewise, in the section of its appellate brief addressing the no evidence summary judgment motion, Dean does not address Metal's specific ground or the applicability of section 1101.806(b) to this case. Because Dean did not allege, prove, or create a fact issue that it was a real estate license holder at the time the Agreement was signed, we cannot conclude the trial court erred in granting Metal's motion for no evidence summary judgment on Dean's breach of written contract claim. We overrule Dean's third issue.

In light of our disposition of this issue, we need not address Dean's first issue challenging the granting of Metal's traditional summary judgment on the breach of written contract claim. *See* TEX. R. APP. P. 47.1.

In its second issue, Dean claims the trial court erred by granting Metal's supplemental motion for traditional summary judgment on the breach of oral contract claim. Under this issue, Dean contends RELA does not apply because the sale did not include real estate.

RELA provides a party may not maintain an action to recover a commission for the sale or purchase of real estate unless the promise or memorandum on which the action is based is in writing. TEX. OCC. CODE ANN. § 1101.806(c). Strict compliance with RELA is required; an agreement to pay a real estate commission must be in writing to be enforceable. *Lathem v. Kruse*, 290 S.W.3d 922, 925 (Tex. App.—Dallas 2009, no pet.).

In its third amended petition, Dean pleaded there was an oral contract effectively incorporating the same terms as were described in the written contract and Metal breached that contract. In its supplemental motion, Metal moved for summary judgment on the ground that an oral contract was prohibited by RELA because the sale involved real estate.

In response, Dean claimed "the sale of real estate was not contemplated by the listing contract." In support of this, Dean relies on the affidavit of Dean Smith:

> 8. I never had any expectation of a commission for the sale of real estate and I never advertised the business for sale including real estate because Metal Systems, Inc. was not sure if it wanted to transfer the real estate or not. The sale contemplated by the agreement was expected to be a [sic] either a stock transfer or a sale of Metal Systems, Inc. assets. In fact, paragraphs 12 and 13 of the listing contract specifically contemplates [sic] the possibility of a stock sale with regards to the definitions of "sale" and "sale price." In the event Metal Systems, Inc. would decide to sell its real estate as part of any proposed asset sale, a listing agent would be hired to handle the real estate.
>
> 9. The sales price listed in the contract was based on the value of the business without any real estate.

As noted previously, the summary judgment record contains the Agreement. Dean argues the oral agreement included the terms and conditions of the Agreement. Dean did not plead and has not argued the Agreement is ambiguous. The Agreement states the sale of Metal's business includes real estate. Paragraph 10 details the payment of the commission. It repeatedly refers to the "closing sales price including land" and includes a scenario where the commission would include "FOUR PERCENT (4%) in cash, on Sale Price of real estate." Although paragraphs 12 and 13 define the terms "sale" and "sales price," they do not limit these terms, as Dean alleges, to a stock sale but discuss "the sale of the assets or capital stock" of the company including, among other things, "cash, stock, bonds . . . real or personal property . . . ." Dean's statement that he did not contemplate a commission from the sale of real estate because the Agreement did not include real estate is parol evidence and is not competent summary judgment evidence. *See Fimberg v. F.D.I.C.*, 880 S.W.2d 83, 86 (Tex. App.—Texarkana 1994, writ denied) (because note was not ambiguous, appellant's affidavit contradicting plain language of note constitutes impermissible parol evidence); *Rosemont Enters., Inc. v. Lummis*, 596 S.W.2d 916, 923–24 (Tex. App.—Houston [14th Dist.] 1980, no writ) (prior or contemporaneous agreement that contradicts express provisions of written instrument may not be shown by extrinsic evidence). Because the Agreement includes real estate, RELA applies and any oral contract between the parties would be unenforceable. *See* TEX. OCC. CODE ANN. § 1101.806(c); *Lathem*, 290 S.W.3d at 925. The trial court did not err in granting Metal's supplemental motion for traditional summary judgment on the breach of oral contract claim. We overrule Dean's second issue.

In its crosspoint, Metal contends the trial court erred by denying its motion for summary judgment on Dean's claim for quantum meruit. After the trial court denied Metal's original

summary judgment motion on that claim, Metal filed a second motion for traditional summary judgment.  Two weeks later, Dean filed a nonsuit of its quantum meruit claim.  The trial court signed the order of partial nonsuit that same day.  Because Dean filed a nonsuit of its quantum meruit claim, that claim was no longer before the trial court, nor is it before this Court.  We lack jurisdiction to address Metal's crosspoint and therefore dismiss it.  *See Houston Mun. Emp. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 157 (Tex. 2007).

We affirm the trial court's judgment.


/Molly Francis/
MOLLY FRANCIS
JUSTICE


111449F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEAN A. SMITH SALES, INC. D/B/A
THE DEAN GROUP, Appellant

No. 05-11-01449-CV        V.

METAL SYSTEMS, INC., Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-04695-2010.
Opinion delivered by Justice Francis,
Justices Moseley and Lang participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee METAL SYSTEMS, INC. recover its costs of this appeal from appellant DEAN A. SMITH SALES, INC. D/B/A THE DEAN GROUP.


Judgment entered March 5, 2013.


/Molly Francis/

MOLLY FRANCIS
JUSTICE