

IN THE
TENTH COURT OF APPEALS

No. 10-08-00172-CV

WILLIAM BOYD,

Appellant

v.

TEXAS UTILITIES ELECTRIC COMPANY,
TEXAS UTILITIES, AND BROWN AND
ROOT, INC.

Appellees

From the 249th District Court
Somervell County, Texas
Trial Court No. 4163

MEMORANDUM OPINION

William Boyd sued Luminant Generation Company, L.P.[1] and Brown & Root, Inc. for negligence, breach of warranty, and gross negligence based on premises liability. The trial court granted Luminant's and Brown & Root's no-evidence and

---

[1] Luminant is formerly known as TXU Generation Company L.P., which is formerly known as Texas Utilities Electric Company.

traditional motions for summary judgment. In two issues, Boyd challenges the granting of these motions. We affirm.

## ANALYSIS

In his first and second issues, Boyd maintains that summary judgment was improperly granted on his premises liability claim.[2] In the trial court and on appeal, Luminant and Brown & Root contend that Boyd presented no evidence of causation to support his premises liability claim.

Causation is an essential element of a premises liability claim. *See LMB, Ltd. v. Moreno,* 201 S.W.3d 686, 688 (Tex. 2006). In a toxic tort case, the plaintiff must show both general and specific causation. *See Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 714-15, 720 (Tex. 1997). "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury." *Id*. at 714.

In an asbestos case, the Texas Supreme Court explained that "asbestos in the defendant's product [must be] a substantial factor in bringing about the plaintiff's injuries." *Borg-Warner Corp. v. Flores*, 232 S.W.3d 765, 770 (Tex. 2007).

> An opinion on causation should be premised on three preliminary assessments. First, the expert should analyze whether the disease can be related to chemical exposure by a biologically plausible theory. Second, the expert should examine if the plaintiff was exposed to the chemical in a manner that can lead to absorption into the body. Third, the expert should offer an opinion as to whether the dose to which the plaintiff was exposed is sufficient to cause the disease.

---

[2] Summary judgment was also granted on Boyd's negligence, gross negligence, and breach of warranty claims. Boyd does not challenge the granting of summary judgment as to these claims.

*Id*. at 771 (quoting Bernard D. Goldstein & Mary Sue Henifin, *Reference Guide on Toxicology*, in FED. JUDICIAL CTR., REFERENCE MANUAL ON SCIENTIFIC EVIDENCE 419 (2d ed. 2000)).  Defendant-specific evidence relating to the approximate dose to which the plaintiff was exposed, coupled with evidence that the dose was a substantial factor in causing the asbestos-related disease, will suffice.  *Id*. at 773.  "Because most chemically induced adverse health effects clearly demonstrate 'thresholds,' there must be reasonable evidence that the exposure was of sufficient magnitude to exceed the threshold before a likelihood of 'causation' can be inferred."  *Id*.

In his affidavit, Boyd states that he was exposed to Amerlock paint that "exceeded acceptable levels," did not receive protective equipment, and suffered disability as a result.  Dr. Vernon Rose provided an affidavit stating that Boyd's symptoms were common responses to "inhalation of excessive levels of organic solvent vapor" and that Amerlock paint contains "several hazardous components."  Rose noted that the record contained no "air monitoring data" to "demonstrate [that] airborne solvent levels were less than acceptable limits," but there is indirect evidence of over-exposure.  He identified a 1974 study where workers exposed to "epoxy paint in 'confined quarters with inadequate ventilation'" experienced symptoms "compatible" with Boyd's and the "solvents equaled or exceeded federal standards in 2 of 15 air measurements."  Rose opined that Boyd was "more likely than not, overexposed."  Dr. Alfred Johnson opined in an affidavit that Boyd suffered from "toxic exposure to epoxy paint" in a dose of "particularly strong concentration."

None of this evidence addresses the approximate dose to which Boyd was exposed.  *See Austin v. Kerr-McGee Refining Corp.*, 25 S.W.3d 280, 293 (Tex. App.—Texarkana 2000, no pet.) ("Guesses, even if educated, are insufficient to prove the level of exposure in a toxic tort case.").  Accordingly, Boyd failed to raise a fact issue as to whether the Amerlock paint was a substantial factor in causing his injury.  *See Borg-Warner*, 232 S.W.3d at 770.  Luminant's and Brown & Root's no-evidence motion for summary judgment was properly granted as to Boyd's premises liability claim.

We overrule Boyd's two issues and affirm the judgment.

KEMPER WILLIAMS
Judge

Before Chief Justice Gray,
        Justice Reyna, and
        Judge Williams [3]
Affirmed
Opinion delivered and filed September 9, 2009
[CV06]

---

[3]     The Honorable Kemper Stephen Williams, Judge of the 135th District Court, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(a) of the Government Code.  *See* TEX. GOV'T CODE ANN. § 74.003(a) (Vernon 2005).