Opinion issued February 3, 2011



In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-10-00292-CV

———————————

ANGELA COOPER, Appellant

V.

ROSS LEWIS
D/B/A LEWIS FOOD TOWN, INC., Appellee



 



 

On Appeal from the 239th
District Court

Brazoria County, Texas



Trial Court Case No. 51012

 



 

MEMORANDUM OPINION

          Appellant, Angela Cooper, appeals from
a no-evidence summary judgment denying her relief in her premises liability suit
to recover personal injury damages from appellee, Ross Lewis d/b/a Lewis Food
Town, Inc. (herein “Food Town”).  In four
issues, Cooper contends that the summary judgment evidence raised issues of
material fact as to Food Town’s knowledge of the dangerous condition, its
breach of a duty of care, and proximate causation of her injuries.  Because Cooper failed to negate a ground
asserted in Food Town’s motion, which asserted that there was no evidence of
the existence of a premises condition posing an unreasonable risk of harm, we
conclude that the trial court properly granted summary judgment.  We affirm.

Background

          Late
one afternoon in May 2008, Cooper entered a Food Town grocery store in
Pearland, Texas.  Cooper saw a metal, collapsible,
multi-use cart that she wanted to buy.  A
Food Town employee had placed the cart along with a few other similar carts on
top of an open-air shelving cooler.  The
top of the cooler was about 6 feet, 6 inches above the floor.  A front-facing metal panel ran along the
length of the top edge of the cooler. 
The panel extended above the top of the cooler, forming a small barrier such
that a cart would have to be lifted over the barrier before it could be taken
down.  Three signs were affixed to the
panel:  two yellow price signs with a
white sign in-between.  The white sign
had black text that read, “Please ask store personnel for assistance for all
items on top of the coolers.”  

          Although
Cooper noticed the yellow sign listing the cart’s price, she did not notice the
white sign, and it did not occur to her to ask for assistance.  Instead, Cooper, who is 5 feet, 3 inches
tall, stood on her tiptoes and extended her arms up, putting her hands on one
of the carts.  Two or three carts then
fell on top of her, causing injuries to her head, neck, shoulders, and left
thumb.  Cooper later stated in deposition
that she is capable of retrieving a cart, even one placed above her head,
without assistance.

          Cooper
sued Food Town, asserting a premises liability claim to recover personal injury
damages.  Food Town filed a motion for
summary judgment on the grounds that there was no evidence that (1) a condition
posing an unreasonable risk of harm existed on its premises prior to the
incident in question, (2) it had actual or constructive knowledge of the
condition, (3) it failed to exercise reasonable care to reduce or eliminate the
risk of harm posed by the condition, or (4) its failure to exercise such care
proximately caused Cooper’s injuries and damages.  In support of its assertion that there was no
evidence of constructive knowledge, Food Town also asserted that there was no
evidence that it would have discovered the condition by the exercise of
reasonable care and no evidence of how long the condition existed prior to the
incident.  The trial court granted
summary judgment against Cooper without stating on which ground or grounds it
based its ruling.

Summary Judgment

          In
her four issues, Cooper contends that the trial court erred in granting summary
judgment because the summary judgment evidence raised issues of material fact.  She asserts that Food Town had knowledge of
the dangerous condition because it created the display, that it breached its
duty of care in that the white sign was inadequate and the cart was not secured,
and that the breach proximately caused her injuries.

          A.      Standard of Review

After
an adequate time for discovery, a party may move for no-evidence summary
judgment on the ground that no evidence exists of one or more essential
elements of a claim on which the adverse party bears the burden of proof at
trial.  Tex.
R. Civ. P. 166a(i); see Flameout
Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830,
834 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  The burden then shifts to the nonmovant to
produce evidence raising a genuine issue of material fact on the elements
specified in the motion.  Tex. R. Civ. P. 166a(i); Mack Trucks, Inc. v. Tamez, 206 S.W.3d
572, 582 (Tex. 2006).  The trial court
must grant the motion unless the nonmovant presents more than a scintilla of
evidence raising a fact issue on each of the challenged elements.  Flameout
Design & Fabrication, 994 S.W.2d at 834; Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.
1997) (“More than a scintilla of evidence exists when the evidence supporting
the finding, as a whole, ‘rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions.’”) (quoting Burroughs Wellcome Co. v. Crye, 907
S.W.2d 497, 499 (Tex. 1995)).  

An
appellate court reviews de novo a trial court’s ruling on a summary-judgment
motion.  Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289
S.W.3d 844, 848 (Tex. 2009).  “When there
are multiple grounds for summary judgment and the order does not specify the
ground on which the summary judgment was rendered, the appealing party must
negate all grounds on appeal.”  Ellis v. Precision Engine Rebuilders, Inc.,
68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing State Farm Fire & Cas. Co. v. S.S.,
858 S.W.2d 374, 381 (Tex. 1993)).

          B.      Applicable Law

          The
elements of a premises liability claim are: 
(1) defendant had actual or constructive knowledge of some condition on
the premises; (2) the condition posed an unreasonable risk of harm; (3)
defendant did not exercise reasonable care to reduce or eliminate the
unreasonable risk of harm; and (4) defendant’s failure to use reasonable care
to reduce or eliminate the unreasonable risk of harm proximately caused
plaintiff’s injuries.  LMB, Ltd. v. Moreno, 201 S.W.3d 686, 688
(Tex. 2006).  “A condition presenting an
unreasonable risk of harm is defined as one in which there is a sufficient
probability of a harmful event occurring that a reasonably prudent person would
have foreseen it or some similar event as likely to happen.”  Seideneck
v. Cal Bayreuther Assocs., 451 S.W.2d 752, 754 (Tex. 1970)

          C.      Analysis

          In
its motion, Food Town asserted that there was no evidence that the cart display
posed an unreasonable risk of harm.  In
response and again on appeal, Cooper fails to identify any evidence that the
cart display posed an unreasonable risk of harm.  Specifically, none of Cooper’s four issues
challenges the trial court’s ruling on her failure to raise a factual issue on
whether the cart posed an unreasonable risk of harm.

          Within
her four issues addressing the other elements of premises liability, Cooper
suggests that the white sign that requested customers to ask for assistance in
retrieving all items placed on the tops of coolers is evidence that the cart
display was unreasonably dangerous. 
However, as Cooper argues elsewhere in her brief, the white sign was a
generic notice placed on all coolers on which items were placed atop,
regardless of whether those items were heavy metal carts or light Styrofoam
cups.  The sign, which requests that customers
ask for assistance, is not evidence that the cart display was unreasonably
dangerous.

          Cooper
also suggests that a customer might not realize that the front-facing panel on
the top edge of the cooler, which formed a small barrier, was there and
consequently, the consumer would not know to lift the cart up over the lip or
that this lip would cause the cart or carts to tumble over when moving them.  However, other than her accident, Cooper
presents no evidence to support this argument, either as to the likelihood that
consumers would not notice this barrier or that this would cause the cart or
carts to tumble.  Cooper suggests that a
display of unsecured carts might tempt a customer to try to take one down and
that a customer might not do so successfully, but she fails to present any
evidence to support these assertions other than her own accident.

          Cooper
has failed to produce any evidence of an unreasonable risk that harm would
result from the cart display.  See Seideneck,
451 S.W.2d at 754.  Specifically Cooper
has failed to produce any evidence indicating that anyone else had been
injured, that the cart display presented any hidden danger, that the type of
display was unusual, or that its particular setup presented a prohibited degree
of danger.  Cf. Lofton v. Marmaxx Operating Corp., No. 01-06-01109-CV, 2008 WL
525678, at *3 (Tex. App.—Houston [1st Dist.] Feb. 28, 2008, no pet.) (finding
no evidence of unreasonably risk of harm where plaintiff offered no evidence
that anyone else had tripped on floor mat, that the mat was defective, that the
mat was of unusual type, or that mat’s particular construction presented
prohibitive degree of danger).  Moreover,
Food Town presented evidence that there have been no other reports of similar
incidents in the past 13 years.  We
conclude that the trial court would have properly determined Cooper presented
no evidence of that the cart display posed an unreasonable risk of harm.  See
LMB, 201 S.W.3d at 688; Lofton, 2008 WL 525678, at *3; Ellis, 68 S.W.3d at 898.  We hold the
trial court properly granted summary judgment.

          We
overrule Cooper’s four issues.

Conclusion

          We affirm.  

 

 

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.