**Affirmed in Part; Reversed and Remanded in Part; Majority and Dissenting Opinions filed August 30, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00986-CV

---

## DAVID MOORE AND LISA MOORE, Appellants

### V.

## LISA BUSHMAN AND INTEGRITY LAND SERVICES & INVESTMENTS, LLC, Appellees

---

**On Appeal from the County Court
Waller County, Texas
Trial Court Cause No. C16-003**

---

## D I S S E N T I N G   O P I N I O N

I join the resolution and analysis of the Moores' invasion of privacy and abuse of process causes of action contained in the majority opinion but respectfully dissent as to the resolution and analysis of their tortious interference and conspiracy causes of action. Because the record on appeal does not contain more than a scintilla of evidence supporting the Moores' tortious interference and conspiracy causes of

action, I would affirm the trial court's no-evidence summary judgment in its entirety.

## *Tortious Interference*

The majority correctly sets forth both the standards of review for no-evidence summary judgments and the law on tortious interference. It is the majority's application of these standards and law to the facts of this case with which I disagree.

As stated in the majority, the elements of a tortious interference with a contract claim are (1) the existence of a contract subject to interference, (2) the occurrence of an act of interference that was willful and intentional, (3) that the act was a proximate cause of the plaintiff's damage, and (4) that actual damage or loss occurred. *Holloway v. Skinner*, 898 S.W.2d 793, 795–96 (Tex. 1995). Actionable interference includes any act which retards, makes more difficult, or prevents performance. *Seelbach v. Clubb*, 7 S.W.3d 749, 757 (Tex. App.—Texarkana 1999, pet. denied); *Bellefonte Underwriters Ins. Co. v. Brown*, 663 S.W.2d 562, 573 (Tex. App.—Houston [14th Dist.] 1983), *aff'd in part, rev'd in part on other grounds*, 704 S.W.2d 742 (Tex. 1986).

As the majority sets forth, the Moores rely on Lisa's affidavit as well as an affidavit from State Farm adjuster Ronald Lopez to support their tortious interference claim. As to the first element, whether a *valid* contract existed, the Moores offer no evidence of an insurance contract or its named insureds, effective dates or coverages other than a statement in Lisa's affidavit, "Ms. Bushman knew we had a contract with State Farm Lloyd's," and a statement in Lopez's affidavit, "I served as the adjuster for the insurance claim [the Moores] submitted to State Farm Lloyds."

As to the third element, that Bushman's interference was a proximate cause of the Moores' damages, Lopez's affidavit and attached notes detail several

communications Lopez had with Bushman and McCarty, but he does not say anything about the impact, if any, these communications had on the handling of the Moores' claim. He simply notes that the communications occurred. In her affidavit, Lisa complains that Bushman contacted State Farm Lloyd's, and she then states: "These were calls that my husband and I had [to] answer for to our agent, explaining how we weren't what she claimed us to be. Because of these calls we had to hire legal counsel in order to get the claim we deserved." These two sentences are the entirety of the Moores' offered proof on causation and damages.

Lisa fails to explain why it was supposedly necessary to hire an attorney. Did Bushman's phone calls to Lopez cause State Farm to initially deny the claim? Lisa does not say. She simply asserts it is because I say it is. *See, e.g., LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006) (concluding that an assertion that "the conduct of [defendant] substantially caused [plaintiffs'] injuries and death" failed to present underlying facts on which conclusion was based and was therefore no evidence of causation); *see also W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005) (explaining that proximate cause "cannot be established by mere conjecture, guess, or speculation").

Nothing in Lopez's affidavit or notes suggests that the Moores' claim was denied, delayed, or otherwise made more difficult due to Bushman and McCarty's statements, much less that the Moores needed to hire counsel in order to obtain payment on their claim. *See Seelbach*, 7 S.W.3d at 757; *Bellefonte Underwriters*, 663 S.W.2d at 573.

Proximate cause requires proof of both cause-in-fact and foreseeability. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). The test for cause-in-fact is whether the tortious conduct was a substantial factor in bringing about the alleged injury, *i.e.*, a factor without which the injury would not have

3

occurred. *See id.* Bushman's conduct was not a substantial factor if it did no more than furnish a condition that made the plaintiff's injury possible. *See Immobiliere Jeuness Establissement v. Amegy Bank Nat'l Ass'n*, 525 S.W.3d 875, 880 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

As to the fourth element, that actual damages were incurred, the Moores failed to produce an affidavit, fee statement, or contract from an attorney, or any correspondence or other documentation demonstrating that an attorney was actually hired to assist with the claims process or, more importantly, that any payment has been made to an attorney.

Instead, all the Moore's provided were the two conclusory sentences in Lisa's affidavit. Conclusory affidavits are not probative. *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 679 (Tex. 2017). A conclusory statement is one that expresses a factual inference without providing underlying facts to support such inference. *Padilla v. Metro. Transit Auth. of Harris Cty.*, 497 S.W.3d 78, 85–86 (Tex. App.— Houston [14th Dist.] 2016, no pet.). To avoid being conclusory, an affidavit must contain specific factual bases, admissible in evidence, from which any inferences or conclusions are drawn. *See id*. Affidavits containing conclusory statements that fail to provide the underlying facts supporting those conclusions are not proper summary judgment evidence. *Id*.; *see also 5500 Griggs v. Famcor Oil, Inc.*, No. 14-15-00151-CV, 2016 WL 3574649, at *3 (Tex. App.—Houston [14th Dist.] June 30, 2016, no pet.) (mem. op.) ("Conclusory statements in an affidavit unsupported by facts are insufficient to support or defeat summary judgment.").

At most, the Moores' evidence did no more than create a mere surmise or suspicion that Bushman and McCarty's statements proximately caused damages; accordingly, the trial court properly granted no-evidence summary judgment on the Moore's tortious interference cause of action. *See Forbes Inc. v. Granada*

4

*Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003); *see also Van Der Linden v. Khan*, 535 S.W.3d 179, 194–95 (Tex. App.—Fort Worth 2017, pet. filed) (holding that once impermissible speculation was removed from the evidence, there was no evidence that alleged acts of interference proximately caused the claimed damages). I would therefore overrule the Moores' second issue.

### *Conspiracy*

As the majority correctly points out, conspiracy is a derivative tort, meaning it depends upon proof of independent, underlying tortious conduct. *See Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). Accordingly, we need not analyze the grant of summary judgment against the civil conspiracy cause of action separately from the underlying alleged torts of invasion of privacy, tortious interference of contract, and abuse of process. *See id*. Because the trial court properly granted summary judgment on each of those torts, it also properly granted summary judgment on the civil conspiracy claim. I would therefore overrule the Moores' fourth issue.

Because the record on appeal does not contain more than a scintilla of evidence supporting any of the Moores' causes of action, I would affirm the trial court's no-evidence summary judgment in its entirety.


/s/     Martha Hill Jamison
       Justice


Panel consists of Justices Jamison, Busby, and Donovan (Donovan, J., majority).

5