

# NUMBER 13-20-00146-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALYSSA RODRIGUEZ,                                                    Appellant,

v.

ALEJANDRINA GUTIERREZ-PEREZ,                                         Appellee.

## On appeal from the County Court at Law No. 2
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant Alyssa Rodriguez brought suit against appellee Alejandrina Gutierrez-Perez, claiming negligence and asserting property and loss-of-use damages. The suit stemmed from a car accident that occurred in January 2015. Gutierrez-Perez filed traditional and no-evidence partial summary judgment motions challenging the causation element of Rodriguez's negligence claim. In what we construe as one issue, Rodriguez

argues that the trial court erred in granting Gutierrez-Perez's summary judgment motions. We reverse and remand.

## I. BACKGROUND

On January 30, 2015, Gutierrez-Perez was traveling northbound in the 400 Block of North Glasscock Boulevard in Alton, Hidalgo County, Texas when she collided with a vehicle driven by Rosalinda Pedroza Trevino, who was attempting to turn left into a parking lot. The initial collision propelled Trevino's vehicle into oncoming traffic. Trevino's vehicle struck Rodriguez's vehicle, which had been traveling southbound. The investigating officer concluded that Gutierrez-Perez failed to control her speed. Rodriguez's lienholder, Nissan Motor Acceptance Corporation (Nissan), and Gutierrez-Perez's insurer, Government Employees Insurance Company (GEICO), later determined Rodriguez's vehicle, a 2013 Nissan Sentra, was a "total loss."[1]

On September 25, 2015, Rodriguez filed suit against Gutierrez-Perez.[2] On July 26, 2019, Gutierrez-Perez filed traditional and no-evidence motions for partial summary judgment against Rodriguez. Gutierrez-Perez argued[3] that the property damages Rodriguez sought to recoup in the suit had already been resolved by an alleged settlement agreement between GEICO and Nissan, wherein Nissan had been paid on Rodriguez's behalf. As evidence,[4] Gutierrez-Perez pointed to Rodriguez's third amended

---

[1] Neither party disputes this determination.

[2] Rodriguez's petition was later amended to include defendants Trevino and GEICO. On September 6, 2017, GEICO filed a motion for severance, which was granted.

[3] Gutierrez-Perez presented the same arguments challenging Rodriguez's property damages and loss-of-use damages in her traditional summary judgment as in her no-evidence motion for summary judgment.

[4] Exhibits A through F were originally included in the motion but were "withdraw[n]" by Gutierrez-Perez's counsel at the hearing on Gutierrez-Perez's summary judgment motions and were thus not

petition, which stated, "[o]n or about November 2016, GEICO tendered the amount of $12,172.63 for alleged property damage to Nissan which Nissan accepted." The petition further asserted that Rodriguez "did not authorize the $12,172.63 payment by GEICO to Nissan," and Rodriguez still "owed [Nissan] a balance of a minimum of $12,803.02" on the vehicle loan. Gutierrez-Perez further argued that the settlement agreement created a new, independent, and intervening cause which cannot be attributed to Gutierrez-Perez's alleged negligence; thus, Gutierrez-Perez argued, Rodriguez's dissatisfaction with the settlement amount and pleaded damages—i.e., her outstanding vehicle loan debt—would not be a recoverable form of property damage under her negligence claim.

Regarding Rodriguez's loss-of-use damages claim, Gutierrez-Perez argued Rodriguez did not provide adequate notice of the claim[5] and any damages accrued were attributed to Rodriguez's delay.

Rodriguez filed a response to Gutierrez-Perez's motions for summary judgment supported by the following evidence: the accident report; an affidavit from Rodriguez claiming, in part, that "[t]here has been no settlement of [her] property damage claim"; a recorded interview between Trevino and GEICO; Trevino's responses to Rodriguez's

available for the trial court's consideration. Exhibit "A" was a letter signed by Rodriguez's and Gutierrez-Perez's counsel on April 12, 2017, confirming that Rodriguez's bodily injury claim had been settled for $19,500. Exhibit "B" was the agreement for release and indemnification, signed by Rodriguez on April 17, 2017, which specifically provided that "this release does not release Releasing Party's property damage claims." Exhibit "C" was a copy of the check to Rodriguez for $19,430.29 for "Bodily Injury Coverage Full and Final Settlement," dated April 14, 2017. Exhibit "D" was the market valuation report for Rodriguez's vehicle prepared for GEICO. Exhibit "E" was a letter from GEICO to Rodriguez dated September 15, 2016, notifying her that the "total loss settlement" for her vehicle would be $12,172.63. Exhibit "F" was a settlement demand letter executed by Rodriguez's counsel on July 19, 2016.

[5] Gutierrez-Perez asserted in her partial summary judgment motions that Rodriguez first made GEICO aware of her loss-of-use damages on July 25, 2016. However, Rodriguez argued that she incurred damages, in part, in the form of the "loss of use of [a] vehicle" in her original petition filed on September 25, 2015. Gutierrez-Perez presented no evidence in support of her loss-of-use damage challenge.

requests for interrogatory responses, productions, and disclosures; excerpts from Rodriguez's oral deposition; excerpts from Gutierrez-Perez's oral deposition; photographs of Rodriguez's vehicle; and an affidavit from Rodriguez's counsel. Rodriguez countered that Gutierrez-Perez's proximate cause challenge is a fact issue for the jury to determine. Additionally, Rodriguez asserted that Gutierrez-Perez's argument regarding proximate cause had no bearing on Rodriguez's loss-of-use damages claim, which the parties agree was not addressed in any settlement.

The trial court granted Gutierrez-Perez's no-evidence and traditional partial summary judgment motions.[6] This appeal followed.

## II.    SUMMARY JUDGMENT

By a single issue, Rodriguez argues the trial court erred in granting summary judgment in favor of Gutierrez-Perez.

### A.    Standard of Review

Our review of a summary judgment is de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Bush v. Lone Oak Club, LLC*, 601 S.W.3d 639, 646 (Tex. 2020). "When a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). Under Rule 166a(i), a party may move for a

---

[6] The clerk's record contains two copies of an order titled, "Order Granting Defendant Alejandrina Gutierrez-Perez'[s] Traditional and No[-]Evidence Motion for Partial Summary Judgment." The orders contain identical language but were signed on two different dates, December 23, 2019, and December 27, 2019, respectively, and contain different file stamp dates.

no-evidence motion for summary judgment "on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). "To defeat a no-evidence motion, the non-movant must produce evidence raising a genuine issue of material fact as to the challenged elements." *Parker*, 514 S.W.3d at 220. "If the non-movant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion as it necessarily fails." *Id.* at 219.

To be entitled to traditional summary judgment, a movant must establish there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018). A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) (citing *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995)). If the movant carries this burden, the burden shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. *Id.* Evidence is conclusive only if reasonable people could not differ in their conclusions. *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017); *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

## B.    Negligence

The elements of a negligence cause of action consist of the "'existence of a legal duty, a breach of that duty, and damages *proximately caused* by the breach.'" *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 352 (Tex. 2015) (quoting *IHS Cedars*

5

*Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)) (emphasis added). Proximate cause is made up of two elements: (1) cause-in-fact and (2) foreseeability. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 518 (Tex. 2019); *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006) (per curiam). Cause-in-fact is shown if (1) the negligent act was a substantial factor leading to the harm, and (2) if it were not "but for" the alleged negligent act, the harm would not have occurred. *Stanfield v. Neubaum*, 494 S.W.3d 90, 97 (Tex. 2016). "If a negligent act or omission 'merely creat[es] the condition that makes the harm possible,' it is not a substantial factor in causing the harm as a matter of law." *Id*. (quoting *Mason*, 143 S.W.3d at 799). Foreseeability can be proven by establishing that "a person of ordinary intelligence should have anticipated the danger created by a negligent act." *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995).

In determining whether proximate cause exists, the court may further consider whether "a new and independent, or superseding cause" has intervened between the original wrong and the final injury "such that the injury is attributable to the new cause rather than the first and more remote cause." *Stanfield*, 494 S.W.3d at 97. In other words, if a new and independent cause is present, the causal connection is broken, and the defendant's negligence cannot be established as the proximate cause for the plaintiff's harm. *Id*. at 99. The superseding cause doctrine, however, is not an affirmative defense; it is one factor to be considered by a fact finder when analyzing proximate cause. *See id.* at 98 n.6 (citing *Dall. Ry. & Terminal Co. v. Bailey*, 250 S.W.2d 379, 383 (Tex. 1952)); *Penrod v. Schecter*, 319 S.W.3d 737, 744 (Tex. App.—El Paso 2009, pet. denied).

6

Only the third element of negligence—Rodriguez's claimed property and loss-of-use damages and whether they were proximately caused by the breach—is at issue here. Accordingly, we proffer no opinion on the existence of a legal duty or a breach of that duty. *See Rogers v. Zanetti*, 518 S.W.3d 394, 401 (Tex. 2017).

## C. Property Damages

Rodriguez filed a sworn affidavit in refute of Gutierrez-Perez's no-evidence challenge exclusively premised on the existence of a property damage settlement agreement precluding recovery of property damages. *See* TEX. R. CIV. P. 166a(i); *Parker*, 514 S.W.3d at 220. Rodriguez swore, "There has been no settlement of my property damage claim." Although Rodriguez's pleadings indicate Nissan, as lien holder, accepted payment of $12,172.63 for the property damage to Rodriguez's vehicle on her behalf, Rodriguez's affidavit asserting that the issue of property damages remains unresolved creates an issue of a material fact regarding damages, a necessary element of negligence. *See* TEX. R. CIV. P. 166a(i); *Parker*, 514 S.W.3d at 220. Thus, Gutierrez-Perez's no-evidence partial summary judgment fails, and the trial court erred in granting Gutierrez-Perez's no-evidence partial summary judgment on this basis.

With respect to Gutierrez-Perez's traditional summary judgment motion, Gutierrez-Perez bore the burden to conclusively negate a single essential element of negligence or conclusively establish an affirmative defense. *See* TEX. R. CIV. P. 166a(c); *Lujan*, 555 S.W.3d at 84. Gutierrez-Perez maintains that Rodriguez's pleaded allegations establish Gutierrez-Perez's "affirmative defense" of "a new and independent, or superseding cause." However, the superseding cause doctrine is not an affirmative defense. *Bailey*,

7

250 S.W.2d at 383; *Schecter*, 319 S.W.3d at 744. Moreover, at the hearing on the motion for partial summary judgment, Gutierrez-Perez's counsel withdrew the exhibits attached to her partial summary judgment motions.[7] Therefore, the court was only left with Rodriguez's affidavit claiming there was no existing property damages settlement, and Rodriguez's pleadings confirming a settlement agreement for property damages between GEICO and Nissan. *See Regency Field Servs., LLC v. Swift Energy Operating, LLC*, No. 19-0545, __ S.W.3d __, __, 2021 WL 1823048, at *6 (Tex. May 7, 2021) (holding that although "a party cannot rely on its *own* pleaded allegations as evidence of facts to support its summary-judgment motion," it may rely on the opposing party's pleadings as evidence). While "courts may grant summary judgment based on deficiencies in an opposing party's pleadings," the evidence Gutierrez-Perez points to, which must be taken as true in the favor of the nonmovant, does not *conclusively* establish that property damages had been settled or, by extension, that proximate cause does not exist. *See id.* at *8; *cf. Balderas-Ramirez v. Felder*, 537 S.W.3d 625, 635 (Tex. App.—Austin 2017, pet. denied). Gutierrez-Perez neither conclusively negated a single essential element of negligence nor conclusively established an affirmative defense, and therefore, the trial court erred in granting the traditional summary judgment motion on Gutierrez-Perez's property damages challenge. *See Painter*, 561 S.W.3d at 130.

## D.    Loss-of-Use Damages

Gutierrez-Perez complains in her partial summary judgment motions that

---

[7] We note that while Gutierrez-Perez originally admitted as evidence a letter dated September 15, 2016, notifying Rodriguez that the "total loss settlement" for her vehicle would be $12,172.63, the only settlement agreement signed by Rodriguez was dated April 12, 2017, dealt with Rodriguez's bodily injury-related damages, and explicitly excluded the resolution of vehicle property damages.

Rodriguez is barred from recovering loss-of-use damages because Rodriguez waited for nearly eighteen months to report her loss-of-use damages to GEICO, thereby creating a notice deficiency issue and a damages claim "too far removed from the accident."[8]

Loss-of-use damages are "concerned with a different injury wholly independent of the measure of property damage." *J & D Towing, LLC v. Am. Alt. Ins. Corp.*, 478 S.W.3d 649, 676 (Tex. 2016). The loss-of-use damages inquiry "seeks to make whole a plaintiff who has suffered economic injury that flows naturally, but not necessarily, from the loss of personal property." *Id.* For a plaintiff to recover loss-of-use damages in "total-destruction" cases, the Texas Supreme Court established a multi-part, fact-specific inquiry. First, "the damages claimed may not be too remote," but rather, they must be "foreseeable and directly traceable to the tortious act." *Id.* at 677. Second, the damages must not be speculative and must be reasonably able to be calculated. *Id*. Third, "the damages may not be awarded for an unreasonably long period of lost use." *Id.* "A plaintiff may not recover loss-of-use damages for a period longer than that reasonably needed to replace the personal property." *Id*.

Gutierrez-Perez argued in her summary judgment motions that she had "no knowledge that such [loss-of-use] damages had accrued" because Rodriguez waited to give "notice to the insurance company of her loss-of-use damages about eighteen months following the accident."[9] However, it is clear from Rodriguez's pleadings that Rodriguez

---

[8] To the extent that Gutierrez-Perez additionally means to assert that Rodriguez has waived her right to recover for loss of use, waiver is largely a matter of intent and is ordinarily a question of fact for the trier of fact to determine. *See Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 474 (Tex. 2017); *see also Park v. Aboudail*, No. 02-20-00260-CV, 2021 WL 1421442, at *5 (Tex. App.—Fort Worth Apr. 15, 2021, no pet.) (mem. op.) (applying the waiver doctrine to a loss of use damages claim). In any matter, Gutierrez-Perez has not presented any evidence of waiver.

[9] Gutierrez-Perez does not explain why Rodriguez was required to give notice to her insurer of her

made Gutierrez-Perez aware; Rodriguez asserted loss-of-use damages in her original petition, filed September 25, 2015—eight months after the accident. Moreover, to counter Gutierrez-Perez's no-evidence motion challenging the foreseeability of Rodriguez's loss-of-use, Rodriguez submitted evidence—including, the accident report, photographs of Rodriguez's vehicle, Rodriguez's affidavit and excerpts from her deposition, and excerpts from Gutierrez-Perez's oral deposition—indicating: (1) following Gutierrez-Perez's failure to control her speed, Gutierrez-Perez's vehicle collided with Trevino's vehicle, which thereafter struck Rodriguez's vehicle; and (2) the collision resulted in the loss of use of Rodriguez's vehicle. Gutierrez-Perez has presented no caselaw, nor have we found any, that would preclude loss-of-use damages recovery due to a lack of notice or foreseeability in these circumstances. Such loss-of-use damages—the loss of use of Rodriguez's vehicle—is neither "too far removed" or an unforeseeable event following an accident that notably both parties agree resulted in the total destruction of Rodriguez's vehicle. *See id.* at 656 (providing that a vehicle owner "may recover loss-of-use damages, such as the pecuniary loss of the use of an automobile damaged in a collision") (internal citations omitted); *see also Bush*, 601 S.W.3d at 646. Thus, the trial court erred in granting Gutierrez-Perez's no-evidence partial summary judgment regarding Rodriguez's loss-of-use damages on this basis.

As observed *supra* with the property damages issue, Gutierrez-Perez presented no evidence apart from Rodriguez's pleadings in support of Gutierrez-Perez's traditional motion for summary judgment on loss-of-use damages. *See* TEX. R. CIV. P. 166a(c);

---

loss-of-use damages claim against Gutierrez-Perez. Additionally, we construe this argument as one which also challenges the foreseeability of such claim. *See J & D Towing*, 478 S.W.3d at 677.

10

*Painter*, 561 S.W.3d at 130. Gutierrez-Perez did not indicate how Rodriguez's pleadings furthered her proposition, and having reviewed Rodriguez's pleadings, we remain uncertain. *See Lujan*, 555 S.W.3d at 84; *Hansen*, 525 S.W.3d at 681. Therefore, Gutierrez-Perez did not meet her burden, and the trial court further erred by granting Gutierrez-Perez's traditional motion for summary judgment. We sustain Rodriguez's sole issue.

### III.    CONCLUSION

We reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.

CLARISSA SILVA
Justice

Delivered and filed on the
1st day of July, 2021.

11