James PRICE, Appellant,

v.

Kevin Laroy FORD, Appellee.

No. 05–00–01651–CV.

Court of Appeals of Texas, Dallas.

April 30, 2003.

Valencia Bush, Andrew Korn, Korn, Bowdich & Diaz, L.L.P., Dallas, for Appellant.

Thomas P. Jackson, The Law Office of Thomas P. Jackson, Dallas, for Appellee.

Before Justices MORRIS, JAMES, and FITZGERALD.

## OPINION

Opinion By Justice MORRIS.

In this premises liability case, James Price appeals the trial court's judgment awarding damages to Kevin Ford for injuries Ford sustained when he was assaulted in Price's nightclub. Price raises two issues on appeal. First, he contends the trial court erred in rendering judgment for Ford on the premises liability claim because Ford's exclusive remedy arose under the Dram Shop Act. Second, he argues the evidence was legally insufficient to support the trial court's judgment. Concluding Ford's evidence of proximate cause was legally insufficient, we reverse the trial court's judgment and render judgment that Ford take nothing.

### I.

On June 21, 1996, Ford and a friend were inside Price's nightclub in Dallas. Three other customers, believing Ford had insulted them, assaulted Ford and beat him with a pool cue and barstool. Ford's injuries were serious. Two of the three assailants were later convicted of the assault.

On the night in question, the nightclub employed four off-duty Dallas police officers outside the club and eight to ten security guards inside the club. Patrons passed through a metal detector before entering the club. Each patron was also patted down by a security guard upon entering the club.

Ford sued Price, owner of the nightclub, to recover damages for his injuries. He alleged a cause of action for premises liability, arguing the lack of adequate security in the club was a proximate cause of his injuries. Ford also alleged a violation of the Dram Shop Act, section 2.02 of the Texas Alcoholic Beverage Code, claiming the club served alcohol to the assailants when they were obviously intoxicated and their state of intoxication was a proximate cause of his injuries. During the non-jury trial, Ford dropped the Dram Shop Act claim and elected to proceed only on the premises liability claim.

The trial court signed a Rendition of Judgment in which it found the criminal assault against Ford was reasonably foreseeable and Price breached his duty to protect Ford against the assault because no security personnel saw or intervened to stop the attack. The trial court signed a final judgment awarding damages to Ford. This appeal followed.

### II.

In the first issue Price presents, he argues the trial court erred in rendering judgment against him on the premises liability claim because Ford's exclusive remedy arose under the Dram Shop Act. In his second issue, he contends the evidence was legally insufficient to support the judgment. We begin with the second issue.

When reviewing a legal sufficiency point of error, we consider only the evidence and inferences that support the dispositive finding and disregard all evidence and inferences to the contrary. *Dupree v. Tex. Dep't of Protective & Regulatory Servs.*, 907 S.W.2d 81, 83 (Tex.App.-Dallas 1995, no writ). If there is more than a scintilla of evidence supporting the dispositive finding, we uphold it. *Id.*

 The elements of a premises liability cause of action are: (1) actual or constructive knowledge of some condition on the premises by the owner or operator; (2) the condition posed an unreasonable risk of harm; (3) the owner or operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner or operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992). Premises liability is a negligence-based theory of liability. *Ramirez v. H.E. Butt Grocery Co.*, 909 S.W.2d 62, 67 (Tex.App.-Waco 1995, writ denied).

 Price argues the evidence presented by Ford is legally insufficient to support the trial court's findings of breach of the standard of care and proximate cause. We agree that Ford presented insufficient evidence of proximate cause. Proximate cause is composed of cause in fact and foreseeability. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995). The test for cause in fact is whether the negligent act or omission was a substantial factor in bringing about the injury and without which the injury would not have occurred. *Id.* Cause in fact cannot be established by mere conjecture, guess, or speculation. *Id.*

Here, the evidence of causation consisted solely of the testimony of Dick Roth, an expert witness hired by Ford. Roth stated security guards inside the nightclub should have responded more quickly to the altercation between Ford and his assailants. He testified security guards should have responded to the incident within thirty seconds and estimated the assault lasted from sixty seconds to three minutes. He did not testify that the guards could in fact have responded within thirty seconds. He simply opined that earlier intervention by security guards could have prevented some of Ford's injuries. Such evidence, without more, is not legally sufficient to prove proximate causation. *See E. Tex. Theatres, Inc. v. Rutledge,* 453 S.W.2d 466, 469 (Tex.1970) (where plaintiff presented no evidence that additional security measures would have prevented injury, proximate causation element was not established).

Ford presented no evidence that if the security guards within the club had in fact responded to the assault within thirty seconds, as Roth testified they should have, Ford would not have been injured. The evidence presented was mere speculation that Ford's injuries would have been prevented if the guards had intervened. Moreover, Roth testified the proximate cause of Ford's injuries was being struck by a pool cue and barstool. After considering the evidence supporting the trial court's finding of proximate cause and disregarding all contrary evidence, we conclude the evidence is not legally sufficient to uphold the trial court's finding. We resolve Price's second issue in his favor.

Our resolution of the second issue makes it unnecessary for us to address Price's first issue.

We reverse the trial court's judgment and render judgment that Ford take nothing.