# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-22-00436-CV
_____

### LETRICIA JOHNSON

### V.

### WALMART STORES TEXAS LLC

_____

**On Appeal from the County Court at Law No. 1**
**Jefferson County, Texas**
**Trial Cause No. 134537**
_____

### MEMORANDUM OPINION

Letricia Johnson sued Walmart Stores Texas LLC, alleging she was injured when a crockpot box fell on her while she was shopping at one of Walmart's stores.[1] The trial court granted Walmart's motion for summary judgment. In this appeal, Johnson raises six issues challenging the trial court's summary judgment. Because

---

[1]Johnson represents herself pro se on appeal and did so in the trial court.

Johnson did not produce evidence of the existence of an unreasonably dangerous condition, we affirm the trial court's summary judgment.

**Background**

In Johnson's Third Amended Original Petition for Damages she alleges that while she was shopping at a Walmart in Port Arthur in November 2017, she tried to get a crockpot box from a top shelf, and she was injured when another box fell and hit her on the top of the head. The petition asserts Walmart was in possession and control of the premises, was responsible for "the dangerously situated upper tiers of the shelving system" as well as the items on the shelves, failed to stack the items in a safe manner, failed to warn customers of "the risk of harm posed by the unreasonably designed/structured/arranged or faulty designed shelves and double stacked boxes," and failed to have a Walmart employee in the area to assist customers with items on the upper shelves.

Walmart filed a Second Amended Motion for Summary Judgment asserting that there is no evidence Johnson was injured as a result of contemporaneous activity on the part of Walmart, that the evidence conclusively negated contemporaneous activity, that there is no evidence to support the elements of Johnson's premises liability claim, and that the evidence negates each of those elements as a matter of law. As summary judgment evidence, Walmart's motion relies on excerpts from Johnson's deposition. In the deposition, Johnson testified she was shopping in the

2

cooking appliance aisle at Walmart and she wanted to get a crockpot box located on a top shelf. Johnson said that two crockpot boxes were stacked on top of each other on the top shelf, and she could touch the top crockpot box, but could not "grab it and take it off the shelf." Johnson said she planned to push the top box back, causing the bottom box to push out "a little bit[,]" and then grab the bottom box causing the top box to fall back on the shelf. She had done this maneuver with another cooking appliance situated in the same manner on another shelf. Johnson said when she pulled the bottom crockpot box out, the crockpot box on top fell and hit her on her forehead. Johnson caught the box that hit her head before it fell to the ground. She then put the crockpot box in her basket and went to the bathroom. As she was walking to the bathroom, her eyesight went blurry and her hands started shaking, she then laid her head on her shopping cart, prompting a Walmart employee to check on her wellbeing.

Johnson testified she looked around before the accident, and there were no Walmart employees near the aisle to help. She agreed that the reason she looked was because she knew an employee should retrieve items from upper shelves. She testified she did not see a sign telling customers to ask for help, but she agreed she didn't need anything to tell her to look for help. She did look for help, and when she did not find anyone, she "went ahead and took the chance of getting it [her]self."

3

Johnson testified if she had to do it again, she would go to the front and find somebody to help.

Johnson's response to Walmart's summary judgment motion asserts the questions asked by Walmart's counsel during her deposition – excerpts of which were attached to Walmart's motion – establish Walmart had prior knowledge that the boxes on the upper shelf posed an unsafe condition which Walmart failed to make safe by posting warnings or by making personnel available to assist customers. Johnson also relies on Walmart's interrogatory answers as evidence there was no warning sign in the area at the time of the accident. After the trial court granted Walmart's Second Motion for Summary Judgment, Johnson filed a motion for new trial which was overruled by operation of law. Johnson then filed this appeal.

## Summary Judgment

*Standard of Review*

In six issues, Johnson challenges the trial court's grant of summary judgment for Walmart. We review grants of summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). Walmart's motion included traditional and no-evidence grounds. *See* Tex. R. Civ. P. 166a(c), (i). Because the trial court did not specify the ground or grounds upon which it granted summary judgment, we must affirm if any ground finds merit. *Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 252 (Tex. 2023). We typically consider the no-evidence grounds first.

4

*First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). "If the non-movant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion as it necessarily fails." *Id*.

We review no-evidence motions under the same legal sufficiency standard as a directed verdict. *Painter v. Amerimex Drilling I, Ltd*., 561 S.W.3d 125, 130 (Tex. 2018). Under this standard, the nonmovant has the burden to produce more than a scintilla of evidence to support each challenged element of its claims. *Id*. Otherwise, the trial court must grant the motion. *See* Tex. R. Civ. P. 166a(i); *Helena Chem. Co. v. Cox*, 664 S.W.3d 66, 72 (Tex. 2023). In our review we take as true all evidence favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A genuine issue of material fact exists if the evidence "'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Parker*, 514 S.W.3d at 220 (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Evidence does not create an issue of fact if it is "'so weak as to do no more than create a mere surmise or suspicion'" that the fact exists. *See id*. (citing *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014)).

*The Nature of Plaintiff's Claims*

"Depending on the circumstances, a person injured on another's property may have either a negligence claim or a premises-liability claim against the property." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). "When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. When the injury is the result of the property's condition rather than an activity, premises-liability principles apply." *Id.* (citation omitted). Although Walmart's motion for summary judgment addressed both negligence and premises liability, the record reveals Plaintiff's Third Amended Petition – her live pleading at the time of the summary judgment hearing – does not include a negligence claim. "The true nature of a lawsuit depends on the facts alleged in the petition, the rights asserted, and the relief sought, and not on the terms used to describe the cause of action." *Kale v. Palmer*, 791 S.W.2d 628, 631 (Tex. App.—Beaumont 1990, writ denied). Although Johnson's pleading contains conclusory language asserting Walmart was negligent, the factual allegations make it clear Johnson alleges she was injured due to a condition on the premises; there is no allegation she was injured by any contemporaneous activity. *See Zook v. Brookshire Grocery Co.*, 302 S.W.3d 452, 454 (Tex. App.—Dallas 2009, no pet.) ("negligence" label ignored where plaintiff's factual allegations presented a claim based on premises liability). Because Johnson alleges her injury was caused by a condition on

6

Walmart's premises -- two crockpot boxes stacked on a top shelf -- rather some contemporaneous activity by Walmart's employees, the only "fair reading" of Johnson's live pleading is that the only claim she asserts is based on premises liability. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 473 (Tex. 2017).

*Analysis*

In her third issue, Johnson challenges the no-evidence grounds of Walmart's motion. "To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee." *Henkel v. Norman*, 441 S.W.3d 249, 251-52 (Tex. 2014). Walmart's Second Amended Motion for Summary Judgment argues Johnson has no evidence of any of these elements. We need not address the first, third or fourth elements, because we conclude Johnson did not produce evidence of the second element – that the condition posed an unreasonable risk of harm.

Whether a condition is unreasonably dangerous is ordinarily a fact question. *Christ v. Tex. DOT*, 664 S.W.3d 82, 87 (Tex. 2023). However, because "landowners are neither insurers of a visitor's safety nor required to make a premises foolproof[,]"

7

the Supreme Court of Texas has "consistently held that common or innocuous hazards are not unreasonably dangerous as a matter of law." *Pay & Save, Inc. v. Canales*, 691 S.W.3d 499, 502-03 (Tex. 2024). Evidence showing the mere possibility of harm is legally insufficient; the evidence must show "a 'sufficient *probability* of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen[.]'" *Id*. at 504 (quoting *Christ*, 664 S.W.3d at 87 and adding emphasis). "At a minimum, we require sufficient evidence of prior accidents, injuries, complaints, reports, regulatory noncompliance, or some surrounding circumstance that transformed the condition into one measurably more likely to cause injury." *Id*. at 503. Johnson did not provide the trial court any such evidence in her summary judgment response.

"Nothing in the record shows that the [crockpot boxes] were stacked off-balance or that they were in danger of falling from the shel[f]." *Minyard Foods Inc. v. Smith*, No. 11-97-00308-CV, 1999 WL 33743938, at *4 (Tex. App.—Eastland Mar. 25, 1999, no pet.) (mem. op.). There is no evidence the boxes posed any danger until Johnson altered their position when she pushed the top box and tried to remove the bottom box. *See id.* (holding evidence legally insufficient to support a premises liability claim where the plaintiff created the dangerous condition by climbing onto a shelf to retrieve a case of beer from an upper shelf). In the absence of evidence that two stationary crockpot boxes, stacked one on top of the other on a top shelf, presents

8

more than a mere possibility of a harmful event, we can only conclude that such a condition is not an unreasonably dangerous one, but an "everyday hazard" that consumers routinely encounter and avoid "by exercising a modicum of common sense, prudence, and caution." *Pay & Save*, 691 S.W.3d at 504.

We conclude Johnson failed to meet her burden to respond to Walmart's no-evidence motion for summary judgment with more than a scintilla of evidence the crockpot boxes on the top shelf constituted an unreasonably dangerous condition. *See CMH Home, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). Because there was no evidence of an essential element of Johnson's claim, the trial court properly granted summary judgment on no-evidence grounds. *See Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 207 (Tex. 2002) (trial court must grant no-evidence motion unless nonmovant produces summary judgment evidence that raises genuine issue of material fact on each challenged element); *see also* Tex. R. Civ. P. 166a(i). We need not determine whether Johnson presented more than a scintilla of evidence of the other elements of her claim. *See* Tex. R. App. P. 47.1. We overrule Johnson's third issue.

**Motion for New Trial**

In her fourth issue, Johnson argues the trial court erred by failing to grant her motion for new trial based on newly-discovered evidence.

A party seeking a new trial on grounds of newly-discovered evidence must demonstrate to the trial court that (1) the evidence has come to its

knowledge since the trial, (2) its failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted.

*Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). "Denial of a motion for new trial is reviewed for abuse of discretion." *Id*. A trial court abuses its discretion if it acts arbitrarily, unreasonably or without regard to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Johnson's motion for new trial is based on evidence of an allegedly-similar incident of merchandise falling off a shelf at the same Walmart store. In the motion and on appeal, Johnson claims she received this evidence on September 29, 2022, five days before the October 4, 2022 summary judgment hearing. The motion does not establish the evidence in question came to Johnson's knowledge after the hearing. *See Waffle House, Inc.*, 313 S.W.3d at 813. The relevant point in time is not when the trial court receives the evidence, but when Johnson gained knowledge of the evidence. *See id*. Johnson argues she did not receive the evidence until it was too late to include it in her summary judgment response. But Johnson did not preserve this issue by filing either a verified motion for continuance of the summary judgment hearing or an affidavit explaining why she was unable to include this evidence in her summary judgment response. *See Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *Mejia v. Mobiloil Fed. Credit Union*, No. 09-21-00079-CV,

10

2023 Tex. App. LEXIS 1883, at *18-19 (Tex. App.—Beaumont Mar. 23, 2023, no pet.)(mem. op.); Tex. R. Civ. P. 166a(g). In the absence of an affidavit, motion for continuance, or request for leave of court to file a late summary judgment response, the trial court was within its discretion to deny Johnson's subsequent motion for new trial on the basis she failed to establish new evidence came to her knowledge after the summary judgment hearing.

Johnson was also required to establish the evidence would likely lead to a different result. *See Waffle House, Inc.*, 313 S.W.3d at 813. The evidence upon which Johnson relies consists of a chart produced by Walmart indicating that approximately eleven months before the incident made the basis of Johnson's claim, another customer claimed an injury when "canned goods fell from top shelf." There is no evidence indicating how the canned goods were stored, whether and how high they were stacked, whether they were more or less stable than the two crockpot boxes, or whether the injured customer altered the condition of the cans just before they fell, as Johnson did with the crockpot boxes. Because the motion did not provide evidence from which the trial court could determine whether the cans presented a risk of falling that was similar to any risk presented by the crockpot boxes in question, the trial court was within its discretion to deny Johnson's motion for new trial on the basis that Johnson failed to establish that the evidence would likely

11

change the outcome of Walmart's motion for summary judgment. We overrule Johnson's fourth issue.

## Conclusion

Having upheld the summary judgment on no-evidence grounds, we need not address issues one, two, five and six in which Johnson challenges alternative grounds which may or may not have provided additional support for the summary judgment. The trial court's summary judgment is affirmed.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on February 21, 2024
Opinion Delivered January 16, 2025

Before Golemon, C.J., Johnson and Chambers, JJ.